1998 ND 159

Craig **PETERSON, as Personal Representative of the Estate of Grace Gregerson, Wencil Dusek, John Schafer, Art Merkel, Dean Nelson, Albin Sherve and Alvhild Sherve for themselves and on behalf of all others similarly situated, Plaintiffs and Appellees,**

v.

**DOUGHERTY DAWKINS, INC.,** f/k/a **Dougherty Dawkins, Strand and Bigelow** f/k/a **Dougherty, Strand and Yost Incorporated, a Minnesota Corporation, Defendant and Appellant.**

Civil No. 970321.

Supreme Court of North Dakota.

Aug. 20, 1998.

Rebecca Heigaard McGurran (argued), of David C. Thompson, Grand Forks, and Craig A. Peterson (appearance), of Peterson Law Office, Fargo, for plaintiffs and appellees.

Gregory J. Schaefer (argued), and Frank A. Taylor, of Hinshaw & Culbertson, Minneapolis, MN, and Michael M. Thomas (appearance), of Conmy, Feste, Bossart, Hubbard & Corwin, Ltd., Fargo, for defendant and appellant.

MARING, Justice.

[¶ 1] Dougherty Dawkins, Inc. (Dougherty) appeals from an order certifying a class action and from an order denying its motion for reconsideration. We affirm.

[¶ 2] In 1986 the City of Fargo issued MIDA bonds to finance the renovation of the Black Building in downtown Fargo. Under MIDA bond financing, the city holds record title to the property as a conduit for the private developer and leases the property back to the developer with an option to purchase for a nominal sum after the bonds are repaid. *See City of Fargo v. D.T.L. Properties, Inc.*, 1997 ND 109, ¶ 2, 564 N.W.2d 274. MIDA bonds are payable solely from the revenues pledged for repayment, and the city has no liability on the bonds. N.D.C.C. § 40–57–15; *State v. Larsen,* 515 N.W.2d 178, 182 (N.D.1994).

[¶ 3] Dougherty served as the underwriter for the Black Building MIDA bonds, and marketed the bonds around the country. The bonds, totaling $2.75 million, were sold in $5,000 increments. Dougherty issued an "Official Statement" to prospective purchasers outlining the details of the project and the bond offering. The bond offering closed in October 1986.

[¶ 4] The bonds were declared in default in April 1990, and the property was eventually sold.[1] The bondholders lost virtually all of their investments.

[¶ 5] In 1996, seven individual bondholders (the plaintiffs) brought a class action on behalf of all bondholders against Dougherty, alleging Dougherty had defrauded them by material misrepresentations and omissions in the Official Statement. There are 101 potential class members living in 10 states.[2] Thirty-nine class members reside in North Dakota.

[¶ 6] A hearing was held on November 7, 1996, to determine whether to certify the class action under N.D.R.Civ.P. 23(b). At the conclusion of the hearing the court orally granted the plaintiffs' motion to certify the class action. The court granted Dougherty leave to conduct discovery and resubmit the issue of certification after the record was more fully developed.

[¶ 7] Dougherty conducted extensive discovery and moved for reconsideration of the court's decision to certify. A hearing on the motion was held on September 18, 1997. On October 13, 1997, the court issued two written orders, one certifying the action as a class action and one denying Dougherty's motion to reconsider. Dougherty appealed.

[¶ 8] The sole issue presented on appeal is whether the trial court erred in certifying this as a class action.

[¶ 9] An order certifying a class action is appealable. N.D.R.Civ.P. 23(d)(3); *Holloway v. Blue Cross of North Dakota*, 294 N.W.2d 902, 906 (N.D.1980). The trial court has broad discretion in determining whether to certify a class action under N.D.R.Civ.P. 23(b), and its decision will be overturned on appeal only if the court has abused its discretion. *See, e.g., Old Broadway Corp. v. Hjelle*, 411 N.W.2d 81, 82 (N.D.1987); *Saba v. Counties of Barnes, Benson, Burleigh, Eddy, Foster, Griggs, Kidder, Nelson, and Wells*, 307 N.W.2d 590, 593 (N.D.1981); *see also Vignaroli v. Blue Cross of Iowa*, 360 N.W.2d 741, 743–744 (Iowa 1985).[3] Similarly, we will disturb a court's ruling on a motion to reconsider only if an abuse of discretion is shown. *Ellingson v. Knudson*, 498 N.W.2d 814, 818 (N.D.1993). A trial court abuses its discretion only if it acts in an unreasonable, arbitrary, or unconscionable manner. *Old Broadway*, 411 N.W.2d at 82–83; *Saba*, 307 N.W.2d at 593.

[¶ 10] In reviewing an order granting certification, we are guided by the broad and liberal policy in favor of class actions in this state:

Decisions as to whether class action status should be allowed seem to rest, more than many other judicial determinations, on judicial philosophy, rather than on precedent or statutory language. . . .

We will interpret Rule 23 so as to provide an open and receptive attitude toward class actions.

We believe that Rule 23 is a remedial rule which "continues to have as its objectives the efficient resolution of the claims or liabilities of many individuals in a single action, the elimination of repetitious litigation and possibly inconsistent adjudications involving common questions, related events, or requests for similar relief, and the establishment of an effective procedure for those whose economic position is such

1. For a history of the Black Building project, and some of the difficulties encountered, see *D.T.L. Properties*, 1997 ND 109, ¶¶ 2–7, 564 N.W.2d 274.

2. Other bondholders, not included in the class, have previously sought arbitration of their claims against Dougherty.

3. Rule 23 is substantially the same as the Model Class Actions Rule drafted by the National Conference of Commissioners on Uniform State Laws. *See* Explanatory Note to N.D.R.Civ.P. 23. Iowa is the only other state which has adopted the Model Class Actions Rule. *See* Iowa R.Civ.P. 42.1–42.18.

that it is unrealistic to expect them to seek to vindicate their rights in separate lawsuits." Wright & Miller, Federal Practice and Procedure: Civil § 1754.

*Rogelstad v. Farmers Union Grain Terminal Ass'n,* 226 N.W.2d 370, 376 (N.D.1975); *see also Old Broadway,* 411 N.W.2d at 82; *Saba,* 307 N.W.2d at 593.[4]

[¶ 11] Under N.D.R.Civ.P. 23 the court may certify an action as a class action if the following four requirements are satisfied:

> 1. The class is so numerous or so constituted that joinder of all members, whether or not otherwise required or permitted, is impracticable;
>
> 2. There is a question of law or fact common to the class;
>
> 3. A class action should be permitted for the fair and efficient adjudication of the controversy; and
>
> 4. The representative parties fairly and adequately will protect the interests of the class.

*Old Broadway,* 411 N.W.2d at 83.

[¶ 12] There is little dispute that factors (1), (2), and (4) are satisfied in this case. The class consists of over 100 bondholders scattered throughout ten states, making joinder impracticable. The bondholders' claims all arise from the same alleged misrepresentations and omissions made in the written Official Statement issued by Dougherty. Finally, the seven named plaintiffs and their attorneys are able to protect the interests of the class members.

[¶ 13] The significant dispute in this case arises over factor (3): whether a class action will provide a fair and efficient adjudication of the controversy. Rule 23(c)(1) provides a list of thirteen factors the court must consider in determining whether the class action provides a fair and efficient adjudication. The court in this case expressly considered and addressed the factors in its order certifying the class action.

[¶ 14] Dougherty asserts four of the thirteen factors under Rule 23(c)(1) militate against certification in this case, and the court therefore abused its discretion in granting certification. Dougherty misapprehends the rule. No one factor predominates, and each of the thirteen factors under Rule 23(c)(1) need not be satisfied before certification is appropriate. *Old Broadway,* 411 N.W.2d at 83; *Holloway,* 294 N.W.2d at 907; *see also Rogelstad,* 226 N.W.2d at 375; *Vignaroli,* 360 N.W.2d at 744 ("No weight is required by the rule to be assigned by the trial court to any criteria listed, further evidencing an intent to grant considerable discretion to the trial court."). Nor must the court explicitly address all thirteen factors. *Old Broadway,* 411 N.W.2d at 83; *Holloway,* 294 N.W.2d at 907.

[¶ 15] In most cases some of the thirteen factors will weigh against certification and some will weigh in favor. It is for the trial court, employing its broad discretion, to weigh the competing factors and determine whether a class action will provide a fair and efficient adjudication of the controversy. Thus, even if Dougherty is correct in its assertion four of the factors weigh against certification, that does not preclude the court from certifying the class action if, in its opinion, those factors are outweighed by other factors supporting certification.

[¶ 16] Because Dougherty argues the trial court misapplied the four challenged factors, we will briefly address Dougherty's assertions on these factors.

[¶ 17] Dougherty argues the trial court erroneously held that North Dakota law will govern all of the bondholders' claims. Dougherty asserts the decision in *Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985), precludes application of North Dakota law to the nonresident bondholders and, if other states' law must be applied, Rule 23(c)(1)(E), (K), and (L) militate against class certification. Those parts of the rule require the court to consider whether common questions of law or fact

---

4. Although the *Rogelstad* court was construing our earlier rule identical to Fed.R.Civ.P. 23, and we have since amended the rule to conform to the Model Class Actions Rule which is similar but not identical to the federal rule, the underlying judicial philosophy expressed in *Rogelstad* remains unchanged. *See Old Broadway,* 411 N.W.2d at 82, n. 1; *Saba,* 307 N.W.2d at 593.

predominate, and whether management of the class or conflict of laws issues pose unusual difficulties.

[¶ 18] Dougherty has misconstrued the trial court's order. The court did not rule that North Dakota law would govern all claims, but specifically reserved ruling on that issue. The court expressly noted that, if conflict of law questions later become "problematic," the court might create subclasses or exclude particular members from the class. *See* N.D.R.Civ.P. 23(e)(1).

[¶ 19] Assuming the court later determines other states' laws apply to some claims, there is nothing in Rule 23 precluding creation of subclasses to which different states' substantive law would apply. Potential conflict of law issues do not preclude certification of a nationwide class, and courts often decline to decide choice of law issues when determining whether to certify a class action. 3 Newberg, Class Actions § 13.29 (Supp.1997); *see, e.g., In re Kirschner Medical Corp. Securities Litigation,* 139 F.R.D. 74, 84 (D.Md. 1991).

[¶ 20] When the trial court ultimately decides the choice of law issues, it must consider the holding in *Phillips Petroleum* that a state may apply its own laws to members of a class only if the state has a significant contact or an aggregate of contacts to the claims asserted by each class member. *Phillips Petroleum,* 472 U.S. at 821–822, 105 S.Ct. 2965. *Phillips Petroleum* does not, however, hold that a multi-state class action cannot be certified if the court will have to apply different states' law to some class members' claims. On the contrary, after holding the Kansas state court's attempted application of Kansas law to all class members was unconstitutional, the United States Supreme Court remanded for continuation of the class action applying other states' laws. *See Phillips Petroleum,* 472 U.S. at 823, 105 S.Ct. 2965.[5] We conclude the trial court did not act unreasonably, arbitrarily, or unconscionably in its

resolution of the conflict of law issue, and thus did not abuse its discretion.

[¶ 21] Dougherty also asserts common questions of fact do not predominate among the class members. *See* N.D.R.Civ.P. 23(c)(1)(E). Dougherty argues there will be individual fact questions on oral representations made to each bondholder, their reliance on written and oral representations, and other individualized facts surrounding sales solicitations for the bonds.

[¶ 22] We have previously noted that the common issues need not be dispositive of the entire litigation, and class action status is not to be refused merely because individual fact issues will remain after the common issues are resolved. *Rogelstad,* 226 N.W.2d at 378. In *Vignaroli,* 360 N.W.2d at 744–745, the Iowa Supreme Court upheld class certification despite the defendants' assertion a class action was inappropriate because the claims were based in part upon individual oral contracts. In this case, the court considered these issues and determined that common questions of fact predominated over the individual questions. The court noted the following common questions: all members of the class purchased bonds for the Black Building project; Dougherty issued the sales materials, including the Official Statement, applicable to all of the bonds; the class members assert the same misrepresentations and omissions in the Official Statement; and, all bondholders lost their investments when the project failed. The central issue in this case will be whether Dougherty misrepresented the nature of the Black Building project in its Official Statement. The evidence on that issue will be found in North Dakota and will be common to all bondholders' claims. The plaintiffs allege ten separate misrepresentations and omissions in the Official Statement, all relating to the security for the bonds—the Black Building project. This will undoubtedly present complex factual issues requiring significant discovery and extensive proof at trial.[6] We conclude the trial court did not

---

5. The case was continued as a class action in Kansas state court. *See Shutts v. Phillips Petroleum Co.,* 240 Kan. 764, 732 P.2d 1286 (1987), *cert. denied,* 487 U.S. 1223, 108 S.Ct. 2883, 101 L.Ed.2d 918 (1988).

6. In their brief on appeal, the plaintiffs explained the ten misrepresentations and omissions:
   (1) that the official statement prepared and offered to investors by defendant Dougherty Dawkins inaccurately listed the property which was included in the project and which secured

abuse its discretion in determining common questions of fact predominate over individual questions.

[¶ 23] Finally, Dougherty asserts a class action is not superior to other available methods of adjudicating the claims. Dougherty argues arbitration is a superior alternative to this class action. The "superiority" standard appears in the federal rule, but not our rule. *Compare* Fed.R.Civ.P. 23(b)(3) *with* N.D.R.Civ.P. 23(c)(1)(F) and (G). Under our rule, a class action is appropriate if it provides a "fair and efficient adjudication" of the controversy, and, in making that determination, the trial court is to consider whether other means of adjudicating the claims are "impractical or inefficient" and whether a class action "offers the most appropriate means of adjudicating the claims and defenses." N.D.R.Civ.P. 23(c)(1)(F) and (G).

[¶ 24] Requiring these individual bondholders to commence up to 100 separate arbitration proceedings, with the attendant increase in costs associated with such multiple proceedings, clearly does not provide a more appropriate method of adjudicating these claims. The resulting multiplicity of proceedings, the increased costs, and the possibility of inconsistent decisions strongly support class action status in this case.

[¶ 25] The trial court in this case fully considered the appropriate factors under Rule 23(c)(1) and determined a class action will provide a fair and efficient adjudication of these claims. We conclude the court did not act in an unreasonable, arbitrary, or unconscionable manner, and thus did not abuse its discretion. Accordingly, we affirm the order certifying the class action and the order denying Dougherty's motion for reconsideration.

[¶ 26] VANDE WALLE, C.J., MESCHKE and NEUMANN, JJ., and RONALD L. HILDEN, District Judge, concur.

[¶ 27] RONALD L. HILDEN, District Judge, sitting in place of SANDSTROM, J., disqualified.

the bonds; (2) that defendant Dougherty Dawkins failed to disclose the developer's fee; (3) that the underwriter's fee was incorrectly stated; (4) that defendant Dougherty Dawkins failed to disclose the presence of asbestos, lead-based paint and PCB's on the property securing the bonds; (5) that defendant Dougherty Dawkins *misstated the rents paid by tenants in the buildings securing the bonds; (6) that defendant Dougherty Dawkins inaccurately stated the developer's cash contribution; (7) that defendant Dougherty Dawkins overstated the value of the property securing the bonds; (8) that defendant Dougherty Dawkins failed to accurately disclose the adverse effects of competing developments in the community; (9) that defendant Dougherty Dawkins failed to adequately inform plaintiffs of the lack of security for the bonds; and (10) that defendant Dougherty Dawkins inaccurately stated the costs of renovation.