2000 ND 15

**RITTER, LABER AND ASSOCIATES, INC., Eugene A. Burdick, and Russell L. Kiker, Plaintiffs and Appellees,**

v.

**KOCH OIL, INC., A DIVISION OF KOCH INDUSTRIES, INC., and Charles Meduna, Defendants and Appellants.**

No. 990204.

Supreme Court of North Dakota.

Jan. 21, 2000.

Rehearing Denied Feb. 28, 2000.

Ronald H. McLean (argued), Serklund, Lundberg, Erickson, Marcil & McLean, Ltd., Fargo, ND, Marvin L. Kaiser, Kaiser Law Firm, Williston, ND, James J. Fetterly and Gary J. Gordon, Fetterly & Gordon, P.A., Minneapolis, MN, for plaintiffs and appellees.

John W. Morrison (argued) and Shane A. Hanson, Fleck, Mather & Strutz, Ltd., Bismarck, ND, J. Kory Parkhurst (appeared) and David H. Luce, Koch Industries, Inc., Wichita, KS, for defendants and appellant.

VANDE WALLE, Chief Justice.

[¶1] Koch Oil and Charles Meduna, Koch's North Dakota assistant chief gauger ("Koch"), appealed from an order certifying a class action brought by a class of persons represented by Ritter Laber and Associates, Eugene Burdick and Russell Kiker ("Ritter") under Rule 23 of the North Dakota Rules of Civil Procedure. We remand with instructions.

[¶2] The class consists of all persons and entities owning royalty interests and leasehold interests in wells from which Koch purchased or sold oil in the State of North Dakota between January 1975 through December 1988 where the oil was measured by hand gauging. The class is made up of approximately 6,000 unidentified, interest owners owning interests in approximately 2,300 wells in North Dakota. The class representatives allege Koch acquired more oil than it paid for due to inaccurate measurements. The class seeks recovery based on three claims: conversion, unjust enrichment and an accounting.

[¶3] This action was commenced in January 1996 in Stark County in the Southwest Judicial District of North Dakota. Koch removed the action to the United States District Court for the District of North Dakota. After conditionally certifying the matter as a class action, the federal court concluded it lacked jurisdiction and remanded the case to the state District Court for the Southwest Judicial District of North Dakota. The court granted the class's motion for certification on May 11, 1999. The primary issue on appeal is whether or not the district court abused its discretion in certifying the class action. An order certifying a class action under North Dakota Rule of Civil Procedure 23(b) is appealable. *Werlinger v. Champion Healthcare Corp.*, 1999 ND 173, ¶6, 598 N.W.2d 820. Traditionally, we have construed Rule 23, N.D.R.Civ.P., as being very open and receptive toward class actions. *Id.*

[¶ 4] The district court has broad discretion in deciding whether to certify a class action. *Id.* The district court's decision will not be overturned on appeal unless the court abuses its discretion. *Id.* A district court abuses its discretion if it acts in an unreasonable, arbitrary, or unconscionable manner. *Id.* A district court also abuses its discretion when its decision is not the product of a rational mental process leading to a reasoned decision, *Narum v. Faxx Foods, Inc.*, 1999 ND 45, ¶ 29, 590 N.W.2d 454, and when it misinterprets or misapplies the law, *Woodworth v. Chillemi*, 1999 ND 43 ¶ 7, 590 N.W.2d 446.

[¶ 5] To certify a class action under Rule 23, N.D.R.Civ.P., four requirements must be met:

1. The class is so numerous or so constituted that joinder of all members, whether or not otherwise required or permitted, is impracticable;
2. There is a question of law or fact common to the class;
3. A class action should be permitted for the fair and efficient adjudication of the controversy; and
4. The representative parties fairly and adequately will protect the interests of the class.

*Werlinger*, at ¶ 8; N.D.R.Civ.P. 23.

[¶ 6] Koch challenges requirements two and three: whether there is a question of law or fact common to the class, and whether a class action should be permitted for the fair and efficient adjudication of the controversy. We review these two requirements for an abuse of discretion by the district court.

### I. Commonality

[¶ 7] Koch argues the district abused its discretion in finding sufficient commonality because the class members have only a personal interest in recovery, not an interest common to the class. We explained in *Werlinger* that "[w]hen a question of law refers to standardized conduct by the defendants toward members of a proposed class, a common nucleus of operative facts is typically presented, and the commonality requirement is met." *Id.* at ¶ 16. "Individual differences in cases concerning treatment or damages do not defeat commonality." *Id.*

[¶ 8] The district court found common questions exist:

The claims of all the potential class members arise from the same alleged conduct by Koch.... There is a single type of transaction: the purchase of North Dakota crude oil at the well by Koch. There is also a single purchaser involved, Koch and a single commodity oil. All North Dakota Koch purchase practices were managed through one office located in Belfield, North Dakota.

[¶ 9] Indeed, the representatives, who represent persons and entities owning royalty interests and leasehold interests in wells only in North Dakota, allege Koch took more oil than it paid for in transactions at the well, in which hand-gauging was used to measure the oil purchased. The district court did not abuse its discretion in finding a question of law or fact common to the class.

### II. Fair and Efficient Adjudication of the Controversy

[¶ 10] Rule 23(c)(1), N.D.R.Civ.P., lists thirteen factors the district court is to consider in determining whether the class action satisfies the fair and efficient adjudication requirement. The district court must weigh the competing factors and determine whether the class action will provide a fair and efficient adjudication of the controversy. *Werlinger*, at ¶ 26. No one factor predominates over the others. *Id.* at ¶ 56. Koch challenges six of the thirteen factors. Rule 23(c)(1)(A),(B),(C),(E),(G),(K).[1] Koch ar-

---

1. (c) Criteria Considered.

   (1) In determining whether the class action should be permitted for the fair and efficient

gues the district court incorrectly analyzed three factors. Rule 23(c)(1)(A),(B),(C). They argue the district court erred in making affirmative findings under three other factors. Rule 23(c)(1)(E),(G),(K).

■ [¶ 11] The district court made an affirmative finding on Rule 23(c)(1)(A), N.D.R.Civ.P.: "whether a joint or common interest exists among members of the class." The district court found affirmatively because class members have an interest in recovering against Koch and the class members have a common legal claim based on a common nucleus of fact.

■ [¶ 12] In *Werlinger,* the district court found the factor weighed in favor of certification because the plaintiffs relied on the same policies and practices of the same employer and its predecessors. *Id.* at ¶ 49. This decision was based on a misinterpretation of " 'joint or common interest.' " We explained in *Werlinger* this factor is similar to the old "true" class action in which all plaintiffs must have a common and undivided interest in the subject matter of the suit. *Id.* at ¶ 50. Generally a common interest exists if one plaintiff's failure to collect would increase the recovery of the remaining plaintiffs or if the defendant's total liability does not depend on how the recovery of a claim is distributed among the class members. 5 James Wm. Moore et al., Moore's Federal Practice § 23.07[3][b][ii] (3d ed.1997).

adjudication of the controversy, as appropriately limited under subdivision (b)(3), the court shall consider, and give appropriate weight to, the following and other relevant factors:
(A) whether a joint or common interest exists among members of the class;
(B) whether the prosecution of separate actions by or against individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for a party opposing the class;
(C) whether adjudications with respect to individual members of the class as a practical

[¶ 13] The district court did not have the benefit of *Werlinger* and found only that there was a common interest in recovery and a common nucleus of fact. Thus, the district court misapplied the law and we remand to the district court to reconsider its finding of a joint or common interest among the plaintiffs in light of *Werlinger.*

■ [¶ 14] The district court made an affirmative finding on Rule 23(c)(1)(B), N.D.R.Civ.P.: "whether the prosecution of separate actions by or against individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for a party opposing the class."

■ [¶ 15] "Generally, incompatible standards occur when the party opposing the class would be unable to comply with one judgment without violating the terms of another judgment." *Werlinger,* ¶ 54 (citing 5 Moore, *supra,* § 23.41[2][a] ). In *Werlinger,* we concluded the district court abused its discretion in making an affirmative finding on this factor.

Here, the main premise of the district court's finding seems to be that results could differ among the plaintiffs if their claims were adjudicated individually. This is not a risk of incompatible standards. Generally, different results in actions for money damages do not qualify as incompatible standards....

matter would be dispositive of the interests of other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;
...
(E) whether common questions of law or fact predominate over any questions affecting only individual members;
...
(G) whether a class action offers the most appropriate means of adjudicating the claims and defenses;
...
(K) whether management of the class action poses unusual difficulties;

Courts reason a defendant is not subject to incompatible standards merely through the risk of being found liable to some plaintiffs and not to others.

*Id.* at ¶ 55.

[¶ 16] The factor only applies to actions in which the nonclass party could be sued for different and incompatible affirmative relief, as opposed to actions seeking money damages. 5 Moore, *supra,* § 23.41[2][a]. In this case, the district court found affirmatively because multiple litigation may cause varying results as to money damages. As demonstrated above, this is not a suitable basis to find a risk of incompatible standards. The district court misapplied the law in so finding.

[¶ 17] The district court concluded Rule 23(c)(1)(C), N.D.R.Civ.P., weighed in favor of class certification for two reasons. First, litigation by named class representatives will have a substantial impact on parties who have an interest in the same oil wells as the class representatives. Second, other interest owners will be substantially impacted because Koch's acquisition of oil occurred throughout North Dakota. This factor turns on "whether adjudications with respect to individual members of the class as a practical matter would be dispositive of the interests of other members not parties to the adjudication or substantially impair or impede their ability to protect their interests." Rule 23(c)(1)(C), N.D.R.Civ.P.

[¶ 18] Due to the lack of case law on this factor under the Uniform Rule, we look to the interpretation of a similar provision in the federal rule.[2] Rule 23(b)(1)(B), Fed. R.Civ.P., does not require that the individual adjudications be legally binding on the absentees; only that separate actions "as a

practical matter" would affect the absent parties without giving them the protection of representation in the action. *Id.; see* 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1774 (2d. ed.1986). This emphasis on the "practical" effects of litigation makes the determination dependent on the facts of each case. Wright, *supra* § 1774. An affirmative finding is made on this factor often when there is a limited or insufficient fund, however the plain language of the factor does not restrict it to these cases. *See In re Telectronics Pacing Systems, Inc.,* 186 F.R.D. 459, 474 (S.D.Ohio 1999). The majority of courts have held the effect of separate actions must be more than stare decisis. 7A Wright, *supra,* § 1774.

[¶ 19] In *Coca–Cola Bottling Co. v. Coca–Cola Co.,* 98 F.R.D. 254, 264 (D.Del. 1983) plaintiffs sought certification of a class action under the federal rule seeking declaratory, injunctive and monetary relief. The court found the adjudication of separate actions would, as a practical matter, be dispositive of the interests of the other class members or substantially impair or impede their ability to protect their interests. The unique common facts present in the litigation demonstrated a later court would most likely rely on its holding. *Id.* at 273–74.

[¶ 20] As we have pointed out above, there are numerous common facts in this case. Thus, any adjudication as to the rights of the representatives would be very persuasive in later litigation and as a practical matter would likely be dispositive of other class members' interests. The district court did not abuse its discretion in making an affirmative finding on Rule 23(c)(1)(C).

---

**2.** The federal counterpart to Rule 23(c)(1)(C), N.D.R.Civ.P., reads:

An action may· be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:
(1) *the prosecution of separate actions by or against individual members of the class would create a risk of . . .*

*(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests . . . .*
Fed.R.Civ.P. 23(b)(1)(B) (emphasis added).

[¶ 21] Koch argues the district court should not have made affirmative findings under factors (E), (G), and (K), of Rule 23(c)(1), for essentially the same reason. Koch asserts individual proofs are necessary to establish the class's claims, i.e., each individual interest holder would have to establish individual proof that Koch took more oil than it paid for; that individual contracts will have to be examined. The district court found common questions predominate even though individual questions exist. "Statewide evidence is present" and a "common legal remedy is sought."

[¶ 22] There is no precise test to determine whether common questions predominate over individual claims. *Werlinger*, ¶ 33 (citing 5 Moore, *supra*, § 23.46[1]). The individual claims need not be carbon copies of each other for common questions to predominate. *Id.* (citing *Vignaroli v. Blue Cross of Iowa*, 360 N.W.2d 741, 745 (Iowa 1985)). "'Predominate' should not be automatically associated with 'determinative' or 'significant,' and consequently when one or more central issues to the action are common and can be said to predominate, the class action will be proper." *Id.* (citing *Vignaroli*, 360 N.W.2d at 745).

[¶ 23] Koch cites *Old Broadway Corp. v. Hjelle*, 411 N.W.2d 81 (N.D.1987), in support of its argument that common questions of fact do not predominate over individual questions. In *Old Broadway*, the state had ordered removal of certain "interim permitted signs." *Id.* at 82. A group of several sign advertisers sought to certify a class action. The district court found common questions do not predominate over individual questions.

> The Plaintiffs in this action are lessees of advertising space located on sign structures. Such advertising is often not mandated to be placed on a specific location. It may be that each advertiser has different interests since lessees may be leasing significantly different numbers of sign structures or urging different messages on the viewing public. An advertiser may also come to the conclusion that his message is located on a sign that is the basis of this controversy and would prefer to avoid litigation that is potentially damaging to his cause.

*Id.* at 84 (quoting district court's memorandum opinion).

[¶ 24] One fact immediately distinguishing *Old Broadway* and other cases such as *Saba v. Counties of Barnes, Benson, etc.*, 307 N.W.2d 590 (N.D.1981), is the Court was affirming the denial of class certification, whereas here the district court has certified the class. Furthermore, in *Old Broadway*, the fact class members were sign advertisers was a lone common fact. The type of businesses in the class and their advertising were different. Here, all the proposed class members are owners of oil interests, the only commodity is oil, the only transaction is selling oil, the only buyer is Koch, and the only means of measuring the oil is hand-gauging.

[¶ 25] In *Peterson v. Dougherty Dawkins, Inc.*, 1998 ND 159, ¶¶ 3–4, 583 N.W.2d 626, investors purchased MIDA bonds that later went into default, causing the investors to lose virtually all of their investments. Seven individual bondholders sought certification of a class action against Dougherty Dawkins, alleging the company defrauded them by material misrepresentations and omissions in its Official Statement given to prospective investors. Dougherty argued common questions of fact do not predominate because of individual questions as to oral representations made to bondholders, and other individualized facts surrounding sales solicitations. Although there were individual questions evident, this Court found common issues predominated.

> [A]ll members of the class purchased bonds for the Black Building project; Dougherty issued the sales materials, including the Official Statement, applicable to all of the bonds; the class members assert the same misrepresentations and omissions in the Official Statement;

and, all bondholders lost their investments when the project failed. The central issue in this case will be whether Dougherty misrepresented the nature of the Black Building project in its Official Statement. The evidence on that issue will be found in North Dakota and will be common to all bondholders' claims. *Id.* at ¶ 22.

[¶ 26] In *Werlinger,* plaintiffs sought certification of a class action against two companies to recover unpaid wages, unpaid overtime, liquidated damages, attorneys' fees, and other costs under state law. *Id.* at ¶ 2. The district court made an affirmative finding on the predominance factor. *Id.* at ¶ 32. The companies challenged this finding because the highly individual claims could not allow for proper representative testimony. Although there were individual questions present, we held common issues, such as the existence of the defendants' policies, predominated.

[¶ 27] Like *Peterson* and *Werlinger,* there may be individual issues present here. Nonetheless, individual issues do not defeat or preclude a finding common questions predominate. The district court did not abuse its discretion in finding common questions predominate.

[¶ 28] Because factors (G), "whether a class action offers the most appropriate means of adjudicating the claims and defenses", and (K) "whether management of the class action poses unusual difficulties," depend on the same argument proffered under the predominance criterion, these factors are also satisfied. Although individual issues may exist, the district court did not abuse its discretion in making affirmative findings under Rule 23(c)(1)(G),(K), N.D.R.Civ.P.

[¶ 29] On this theme Koch argues individual questions demand some class members be excluded. They assert the district court should have excluded individuals from the class whose oil was purchased by hand-gauging and the readings were verified by an employee or agent of the producer. Koch asserts when the producer or agent witnessed a transaction or signed a "run ticket," the producer effectively affirmed Koch's measurement. It is premature to determine this issue because it is unclear whether verification precludes any later challenge to the measurement. The district court did not abuse its discretion in failing to exclude individuals whose oil readings were verified.

## III.  Due Process

[¶ 30] Koch argues under *Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985), Constitutional due process requires absent plaintiffs be given the opportunity to opt out of a class action. However, since the class has not been certified, absent class members have not yet been identified. As such, our holding on this issue would only amount to an advisory opinion. We do not give advisory opinions. *State v. Goulet,* 1999 ND 80, ¶ 12, 593 N.W.2d 345. Should the class include plaintiffs who are not residents of North Dakota and have no connection to the state, we are confident the district court will scrupulously protect their due process rights.[3]

## IV.  Conclusion

[¶ 31] The district court may not rest its decisions on factors analyzed incorrectly. Most of the court's findings are affirmable, but the district court erred in its analyses of the joint or common interest factor under Rule 23(c)(1)(A), and the inconsistent standards factor under Rule 23(c)(1)(B). The extent to which the district court relied on these flawed analyses in reaching its decision to certify the class is not clear

**3.** Counsel for Ritter said at oral argument, while not conceding there are class members with no minimum contacts to the state, if a sub-class of non-residents is necessary, one can be created. *Cf. Peterson v. Dougherty Dawkins, Inc.,* 1998 ND 159, ¶ 19, 583 N.W.2d 626 (observing there is nothing in Rule 23 precluding creation of subclasses to which different states' substantive law would apply).

to us. Thus, we remand the case for a determination of class certification based on a correct consideration of Rule 23(c)(1) factors. The case is remanded for further proceedings consistent with this opinion.

[¶ 32] DALE V. SANDSTROM, CAROL RONNING KAPSNER, MARY MUEHLEN MARING, JJ., WILLIAM F. HODNEY, S.J., concur.

[¶ 33] WILLIAM F. HODNY, S.J., sitting in place of WILLIAM A. NEUMANN, J., disqualified.