2001 ND 56

**RITTER, LABER AND ASSOCIATES, INC., Elizabeth Cantarine, Personal Representative of the Estate of Eugene A. Burdick, and Russell L. Kiker, Plaintiffs and Appellees,**

v.

**KOCH OIL, INC., A DIVISION OF KOCH INDUSTRIES, INC., and Charles Meduna, Defendants and Appellants.**

No. 20000224.

Supreme Court of North Dakota.

March 20, 2001.

Ronald H. McLean (argued) and Jane L. Dynes, Serkland Law Firm, Fargo, ND, for plaintiffs and appellees.

Marvin L. Kaiser (appeared), Kaiser Law Firm, Williston, ND, for plaintiffs and appellees.

Gary J. Gordon (appeared) and James J. Fetterly, Rider Bennett Egan & Arundel, Minneapolis, MN, for plaintiffs and appellees.

Brad D. Brian (argued), Ronald K. Meyer (appeared), Munger, Tolles & Olson, LLP, Los Angeles, CA, for defendants and appellants.

John W. Morrison (appeared) and Shane A. Hanson (appeared), Fleck, Mather & Strutz, Ltd., Bismarck, ND, for defendants and appellants.

James M. Armstrong (appeared), Foulston & Siefkin, Wichita, KS, for defendants and appellants.

J. Kory Parkhurst (appeared), Koch Industries, Inc., Wichita, KS, for defendants and appellants.

NEUMANN, Justice.

[¶ 1] Koch Oil and Charles Meduna, Koch's North Dakota assistant chief gauger, ("Koch") appealed from an order certifying a class action under N.D.R.Civ.P. 23, brought by a class of persons represented by Ritter, Laber and Associates, Eugene Burdick, and Russell Kiker ("Ritter"). We affirm.

I

[¶ 2] The class consists of approximately 6,000 unidentified owners of royalty and leasehold interests in approximately 2,300 oil wells in North Dakota. Koch purchased or sold oil from the wells between January 1, 1975 and December 1988, and measured the oil by hand gauging. The class representatives allege Koch acquired more oil than it paid for because of inaccurate measurements, and they seek additional revenues based on their proportionate ownership of the oil. They seek an accounting and money damages for conversion and unjust enrichment.

[¶ 3] In *Ritter, Laber & Assocs., Inc. v. Koch Oil, Inc.*, 2000 ND 15, ¶ 31, 605 N.W.2d 153, we reversed a previous certification of the class representatives' lawsuit as a class action under N.D.R.Civ.P. 23. We concluded the trial court did not abuse its discretion in analyzing the factors for certification under N.D.R.Civ.P. 23(c)(1)(C), (E), (G), and (K), but the court misapplied the law in its analyses of the "joint or common interest" factor under N.D.R.Civ.P. 23(c)(1)(A), and the "incompatible standards" factor under N.D.R.Civ.P. 23(c)(1)(B). *Koch*, at ¶¶ 13, 16. We remanded for a redetermination of the class certification based on a correct application of the law under N.D.R.Civ.P. 23(c)(1). *Koch*, at ¶ 31.

[¶ 4] On remand, the trial court again certified the lawsuit as a class action, finding a class action provided a method for the "fair and efficient adjudication of the controversy" under N.D.R.Civ.P. 23(c)(1).

II

[¶ 5] We have construed N.D.R.Civ.P. 23 to provide an open and receptive attitude toward class actions. *Koch*, 2000 ND 15, ¶ 3, 605 N.W.2d 153; *Werlinger v. Champion Healthcare Corp.*, 1999 ND 173, ¶ 7, 598 N.W.2d 820; *Peterson v. Dougherty Dawkins, Inc.*, 1998 ND 159, ¶ 10, 583 N.W.2d 626. A trial court has broad discretion in deciding whether to certify a class action under N.D.R.Civ.P. 23. *Koch*, at ¶ 4; *Werlinger*, at ¶ 6. On appeal, we will not overturn a trial court's decision to certify a class action unless the court abused its discretion. *Koch*, at ¶ 4; *Werlinger*, at ¶ 6. A trial court abuses its discretion if it acts in an unreasonable, arbitrary, or unconscionable manner. *Koch*, at ¶ 4; *Werlinger*, at ¶ 6. A trial court also abuses its discretion when its decision is not the product of a rational mental process leading to a reasoned decision, or when it misinterprets or misapplies the law. *Koch*, at ¶ 4.

[¶ 6] To certify a class action under N.D.R.Civ.P. 23, four requirements must be met:

(1) The class is so numerous or so constituted that joinder of all members, whether or not otherwise required or permitted, is impracticable;

(2) There is a question of law or fact common to the class;

(3) A class action should be permitted for the fair and efficient adjudication of the controversy; and

(4) The representative parties fairly and adequately will protect the interests of the class.

*Koch*, 2000 ND 15, ¶ 5, 605 N.W.2d 153, quoting *Werlinger*, 1999 ND 173, ¶ 8, 598 N.W.2d 820.

[¶ 7] In this case, the certification dispute involves whether a class action should be permitted for the fair and efficient adjudication of the controversy. Rule 23(c)(1), N.D.R.Civ.P., lists thirteen factors for trial courts to consider in determining whether a class action satisfies the

requirements for the fair and efficient adjudication of the controversy. *Koch,* 2000 ND 15, ¶ 10, 605 N.W.2d 153. A trial court must weigh those factors, and no one factor predominates over the others. *Id.*

### III

[¶ 8] Koch argues the trial court erred in certifying this class action because the court misinterpreted and misapplied the law in deciding the requirements of N.D.R.Civ.P. 23(c)(1)(A) and (C) were satisfied.[1]

### A

[¶ 9] Koch argues the trial court erred as a matter of law in deciding the "joint or common interest" factor under N.D.R.Civ.P. 23(c)(1)(A) was satisfied, because Koch's liability is not a fixed amount and the adjudication of one class member's claim will not be res judicata on the claim of any other class member.

[¶ 10] In *Werlinger,* 1999 ND 173, ¶¶ 49–52, 598 N.W.2d 820, the plaintiffs' claims relied on the same employment policies and practices of an employer and its predecessors, and we reversed a trial court decision that the "joint or common interest" factor weighed in favor of certification. We said:

Historically, class actions were divided into three categories: true, spurious, and a hybrid of the first two. 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1752, at 16 (2d ed.1986). A true class action was one in which all plaintiffs have a common and undivided interest in the subject matter of the suit. *Knowles v. War Damage Corp.,* 171 F.2d 15, 17 (D.C.Cir.1949). Issues determined in a true class action were res judicata for any member of the

class, even though a person might never have been a party to the action. *Id.* at 18. In a so-called spurious class action, the rights sought to be enforced are "several, and there is a common question of law or fact affecting the several rights and a common relief is sought." *Id.* In this type of suit, joinder into a class action is a matter of economy and efficiency on the part of the courts and parties, and individuals not joining are not bound by the decision. *Id.*

Rule 23(c)(1)(A), N.D.R.Civ.P. contemplates a joint interest similar to the old "true" class action as evidenced by Rule 23(h)(1) prohibiting exclusion from the class if an affirmative finding is made under Rule 23(c)(1)(A), or put differently, if a mandatory class action is found.

Here, the joint interest found by the district court is merely a possible common question of fact or law. It does not reach the level of a joint or common interest which would give rise to a mandatory class action. Therefore, the district court erred in finding a joint or common interest existed among the plaintiffs.

*Werlinger,* at ¶¶ 50–52. Although the trial court's analyses of most of the factors in N.D.R.Civ.P. 23(c)(1) were affirmable, the court partially relied on an incorrect analysis of the joint or common interest factor. Because the extent of the court's reliance on that factor was not clear, we remanded for a determination of the certification issue under a correct consideration of the factors in N.D.R.Civ.P. 23(c)(1). *Werlinger,* at ¶ 56.

[¶ 11] In *Koch,* 2000 ND 15, ¶ 11, 605 N.W.2d 153, the trial court found a "joint or common interest," because class members had an interest in recovering against

---

1. On remand, the trial court found the "incompatible standards" factor under N.D.R.Civ.P. 23(c)(1)(B) was not applicable: The Court finds that the plaintiffs do not seek injunctive or corresponding declaratory relief as explained in *Werlinger v. Cham-*

*pion Healthcare,* 1999 ND 173 at ¶ 53–55, 598 N.W.2d 826 [820] (N.D.1999), and therefore factor (B) is not applicable and will not be given any weight.

In this appeal, no issue is raised about this factor.

Koch and the class members had a common legal claim based on a common nucleus of fact. We said:

> In *Werlinger*, the district court found the [joint and common interest] factor weighed in favor of certification because the plaintiffs relied on the same policies and practices of the same employer and its predecessors. *Id.* at ¶ 49. This decision was based on a misinterpretation of "'joint or common interest.'" We explained in *Werlinger* this factor is similar to the old "true" class action in which all plaintiffs must have a common and undivided interest in the subject matter of the suit. *Id.* at ¶ 50. Generally a common interest exists if one plaintiff's failure to collect would increase the recovery of the remaining plaintiffs or if the defendant's total liability does not depend on how the recovery of a claim is distributed among the class members. 5 James Wm. Moore et al., Moore's Federal Practice § 23.07[3][b][ii] (3d ed.1997).
>
> The district court did not have the benefit of *Werlinger* and found only that there was a common interest in recovery and a common nucleus of fact. Thus, the district court misapplied the law and we remand to the district court to reconsider its finding of a joint or common interest among the plaintiffs in light of *Werlinger*.

*Koch*, at ¶¶ 12–13.

[¶ 12] On remand, the trial court found:

> (A) The Court determines that a common or joint interest exists among members of the class. A common interest exists if the defendant's total liability does not depend on how the recovery of a claim is distributed among the class members. *Ritter, Laber and Associates v. Koch*, 2000 ND 15, ¶ 12, 605 N.W.2d 153, 157 (N.D.2000). If Koch is found to possess profits from oil for which it did not pay and if it is found that those profits must be returned,

Koch's liability would not depend on how the profits would be distributed.

[¶ 13] Koch argues the "joint or common interest" factor is not satisfied because (1) Koch's liability depends on how the claim of each individual class member is decided and is not a fixed amount regardless of which class members prevail, and (2) adjudication of any individual's claim is not res judicata on the right of any other individual to recover. Koch argues each potential class member's claims and Koch's defenses require individualized determinations:

> For example, if Kiker were able to establish that Koch converted 50 barrels of his oil, but the trier of fact ruled that his claim is barred by statute of limitations, Kiker would not be able to recover from Koch for these barrels. However, the amount of the recovery of *other* class members would *not* be increased to include these 50 barrels. Just as other royalty owners would have no claim to the value of this oil if Kiker brought his claim in a separate (non-class) action, other class members have no claim to the value of Kiker's oil because this lawsuit has been brought as a class action.

Koch argues the example "confirm[s] that *individual* factual determinations are necessary to determine whether Koch is liable to each class member and, if so, the amount of Koch's liability *to that class member*." Koch argues

> the issue is not—as [Ritter] contend[s] and the district court concluded—simply a calculation of the amount of "damages" equal to the aggregate amount of oil overage at the selling points, with each class member automatically obtaining a *pro rata* "proportion" of this amount, virtual strict liability. Instead, the trier of fact will be required to determine Koch's liability to each individual class member on each individual's claims. As a result, there is no support for [Ritter's] assertion that the factor of "joint

and common interest" is satisfied in this case.

[¶ 14] Ritter responds Koch's total liability does not depend on how the recovery of a claim is distributed among the class members, and once it has been decided that Koch accumulated 750,000 barrels of oil for which it did not pay, there is a defined fund available for recovery and Koch has no interest in who gets the money. Ritter argues "[b]ecause Koch did not keep track of its gains by individual well but instead by regional selling points, any distribution must be done on the basis of fluid recovery, or in other words, by equitable pro-rata distribution" under N.D.R.Civ.P. 23(o), which allows for fluid recovery to benefit the class as a whole where individual distribution is impracticable or residual remains after distribution.

[¶ 15] Both sides have presented diametrically opposite arguments regarding a joint or common interest in a fixed fund. At a hearing on remand, the trial court recognized the parties' contrary positions at that stage of the proceeding:

> Let us go back then to the primary issue today, and that is to review on remand the factors to be considered, Rule 23(c)(1)(A) and (B).... As to (A), I conclude that there is a joint interest here. I'm not sure how it really affects any defense that Koch might assert to the joint interest that the members of the class possess. *Now, again, there may be evidence that changes that conclusion but as of now it appears to me that there is a joint interest and thus factor (A).* I don't want to conclude legally as Mr. McLean wishes me to that simply because it's been certified as a subsection (C), a class action, a mandatory class action, that (A) is automatically met. I don't think that would follow in every case and I'm not sure the Supreme Court meant to say that simply by their review of what used to be the old true class action. But in any event, I decide there is a joint interest. I've reviewed again all of the remaining factors, both those that were appealed and seemingly affirmable. They weren't affirmed, as such, Mr. McLean. As I understand the Supreme Court opinion, they just said they were affirmable but not affirmed as such. In other words, that did not become a matter of judgment law in the case at all, just simply that they decided that my discretion on those factors was not abused, at least they wouldn't say so in that appeal. *But I've reviewed them all again and I'm satisfied that at least at this stage of litigation with the allegations that the plaintiffs have made that the case truly is ideally suited for a class action* as compared with the alternative, which even though I've used the word "terrorizing" before I mean that in a litigation sense and the overwhelming duties of the Court in the alternative sense if all of these cases were to be presented individually it would be certainly a far more massive function for the Court to handle than as a class action. And I'm aware of the manageability issues. This has troubled me for a long time. *As of this stage I don't know how much time is going to be spent in trial on this case. I don't know how much time is yet going to be spent in discovery and I don't know exactly how the case is going to be presented, either by the plaintiffs.* And they seem to want to assert the fluid recovery rule which they imply would lessen their burden somehow. But that would not preclude the defendants from litigating each and every claim and so I'm mindful of the manageability problems. But, as a trial court we simply can't duck or avoid our responsibility to handle it either as a class action or as individual cases. But to bring individual cases simply seems so unrealistic that it would be a denial of justice in my mind to preclude the members of the class from being represented by the lead plaintiffs in a class action. [Emphasis added.]

The trial court's written decision did not create any subclasses "at this time," but recognized nothing in N.D.R.Civ.P. 23 precluded the creation of subclasses if the need arose. The court's decision reflects that later evidentiary developments may change its conclusion about the existence of a joint or common interest in a defined fund.

[¶ 16] As we explained in *Koch*, 2000 ND 15, ¶ 12, 605 N.W.2d 153, and *Werlinger*, 1999 ND 173, ¶ 52, 598 N.W.2d 820, a joint or common interest under N.D.R.Civ.P. 23(a)(1)(A) is not the same as a common question of law or fact under N.D.R.Civ.P. 23(c)(1)(E). At this stage of the proceeding, the trial court adopted Ritter's arguments about a joint or common interest in a defined fund. Under N.D.R.Civ.P. 23(b), a trial court generally considers issues about certification of a class action "as soon as practicable after the commencement of a class action," and at that stage of the proceeding, issues regarding a joint or common interest may not be fully crystalized. A trial court may amend a certification order at any time before entry of judgment on the merits. N.D.R.Civ.P. 23(e). Under similar language in Fed.R.Civ.P. 23(c)(1), federal trial courts are free to decertify, subclassify, or modify a class certification previously granted. *See Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1145 (8th Cir.1999); *Boucher v. Syracuse Univ.*, 164 F.3d 113, 118 (2nd Cir.1999); *Barnes v. American Tobacco Co.*, 161 F.3d 127, 140 (3rd Cir.1998); *Miera v.. First Sec. Bank*, 925 F.2d 1237, 1241–42 (10th Cir.1991); *Richardson v. Byrd*, 709 F.2d 1016, 1019 (5th Cir.1983). *See generally* 5 James Wm. Moore et al., Moore's Federal Practice § 26.61 et seq. (3rd ed.1997). In *Richardson*, at 1019, the court aptly explained a federal trial court "must define, redefine, subclass, and decertify as appropriate in response to the progression of the case from assertion to facts."

[¶ 17] Here, the trial court recognized that under a fluid recovery scenario, Koch was not precluded from litigating each and every claim against it. At this stage of the proceedings and given the parties' contrasting assertions about individualized claims and recovery from a common fund, we cannot say the trial court misapplied the law or acted arbitrarily, capriciously, or unreasonably in adopting the assertions of the representative class members. As the case progresses, however, the court may need to redefine, subclassify, or decertify the class.

B

[¶ 18] Koch argues the trial court erred as a matter of law in deciding N.D.R.Civ.P. 23(c)(1)(C) was satisfied.

[¶ 19] In *Koch*, 2000 ND 15, ¶ 27, 605 N.W.2d 153, we concluded the trial court did not abuse its discretion in finding common questions predominate. On remand, the trial court decided:

(C) The Court finds that adjudications with respect to individual members of the class as a practical matter would be dispositive of the interests of other members or substantially impair or impede other members' interests. As a practical matter this litigation by the named class representatives will have a substantial impact on those parties who have an interest in the same wells as the three class representatives. Other interest owners whose oil was sold to Koch will be substantially impacted as Koch's acquisition of oil without paying for it occurred throughout North Dakota. This factor weighs in favor of certifying the class.

[¶ 20] In *Koch*, 2000 ND 15, ¶¶ 17, 27, 605 N.W.2d 153, we concluded similar reasoning by the trial court did not constitute an abuse of discretion about whether common questions predominated. Koch has provided no persuasive reasons for a different conclusion in this case. As we explained in *Koch*, at ¶ 27, there may be individual issues involved in this case, but

those individual issues do not preclude a finding that common questions predominate. Based on this record and at this stage of the proceeding, we conclude the trial court did not abuse its discretion in finding common questions predominate.

## IV

 [¶ 21] Koch argues if the trial court correctly applied N.D.R.Civ.P. 23(1)(c)(A) and (C), a member of the plaintiff class may not elect to be excluded from the action under N.D.R.Civ.P. 23(h)(1)(B) and that prohibition violates the due process rights of the class members and Koch. Ritter responds due process does not prohibit the certification of a class as a mandatory class under N.D.R.Civ.P. 23, and the court's decision does not violate due process.

[¶ 22] In *Koch*, 2000 ND 15, ¶ 30, 605 N.W.2d 153, we concluded Koch's argument that constitutional due process requires absent plaintiffs be given the opportunity to opt out of a class action was premature, because absent class members had not yet been identified. Once again, we conclude Koch's constitutional argument is premature.

[¶ 23] We point out, however, N.D.R.Civ.P. 23 provides more due process protections than Fed.R.Civ.P. 23. Rule 23, N.D.R.Civ.P., permits mandatory class members to participate in the action. N.D.R.Civ.P. 23(i)(1)(B)(iii). Additionally, a nonrepresentative class member has the right to appear and be represented by separate counsel. N.D.R.Civ.P. 23(i)(2). There is no corresponding protection under Fed.R.Civ.P. 23 for class members. Additionally, if problematic issues arise regarding nonresidents, a North Dakota trial court may create subclasses or exclude particular members from the class. *See Peterson*, 1998 ND 159 ¶ 19, 583 N.W.2d 626. Moreover, as we have explained, as further evidentiary facts are developed, the trial court may decertify, subclassify, or modify a previously certified class action. At this stage of the proceeding, how-ever, we conclude Koch's due process argument is premature.

## V

[¶ 24] We affirm the trial court's order certifying the action as a class action.

[¶ 25] GERALD VANDE WALLE, C.J., and MARY MUEHLEN MARING, CAROL RONNING KAPSNER, DALE V. SANDSTROM, JJ., concur.