2002 ND 59

**Lance KLAGUES and Don Hall, on behalf of themselves and others similarly situated, Plaintiffs and Appellees,**

v.

**MAINTENANCE ENGINEERING, a division of LTG, Ltd., Defendant and Appellant.**

**No. 20010213.**

Supreme Court of North Dakota.

April 16, 2002.

Stephen W. Plambeck (appeared) and Daniel J. Crothers (argued) of Nilles, Hansen & Davies, Ltd., for defendant and appellant.

Stacey E. Tjon (appeared) and Mike Miller (appeared) of Solberg, Stewart, Mil-

ler, Johnson, Tjon & Kennelly, Ltd., Fargo, and Ronald S. Goldser (argued) of Zimmerman Reed, P.L.L.P., Minneapolis, MN, for plaintiffs and appellees.

NEUMANN, Justice.

[¶ 1] Maintenance Engineering ("Maintenance") appeals from the trial court's order granting class certification under Rule 23, N.D.R.Civ.P., and denying its motion for summary judgment on the claims of breach of contract and an accounting. We remand the class certification order with instructions. We conclude the trial court improvidently granted certification under Rule 54(b), N.D.R.Civ.P., of the denial of summary judgment, and therefore we dismiss that part of the appeal.[1]

I

[¶ 2] Maintenance Engineering, a North Dakota company, sells commercial lighting products throughout the United States using independent contractors as sales representatives. Maintenance recruits sales representatives nationally to sell their products. Lance Klagues and Don Hall contracted with Maintenance becoming independent contractors to sell Maintenance products. Klagues and Hall allege they were to receive six checks equaling the total commission on each sale made. One commission check was to be issued immediately, one after twelve weeks, and one on the anniversary of the sale for four consecutive years. Maintenance's sales contracts created four categories of sales representatives: active, exempt, inactive, and terminated. Maintenance contends the contract was structured so commissions were paid only if the sales representative remains an "active" representative under Maintenance's classification system. Maintenance asserts there was only one commission check, the remaining checks were considered bonus checks if the sales representative continued to meet sales standards. Klagues and Hall allege they were led to believe the commissions vested at the moment of sale, but the payment was deferred. Klagues and Hall contend they were not informed of the "active" requirement to receive all of the commission checks.

[¶ 3] Klagues and Hall fell below the active status and did not receive the commissions they believed they were entitled to under the contract. Klagues and Hall both requested that they be terminated, but Maintenance refused. Under the contract, termination would require that any money owed to a sales representative would be due and owing.

[¶ 4] On September 20, 2000, Klagues and Hall sued Maintenance for breach of contract, fraud, and an accounting. Maintenance counterclaimed alleging Klagues and Hall were overpaid and moved for summary judgment to dismiss Klagues and Hall's claims. Klagues and Hall moved for class certification on May 22, 2001. On July 12, 2001, the trial court heard arguments on Maintenance's motion for summary judgment and on class certification. The trial court granted the summary judgment dismissing the fraud claim, but denied Maintenance's remaining motions. On August 2, 2001, the trial court issued an order certifying the case as a class action. In September 2001, the trial court granted Rule 54(b) certification and partial judgment was entered denying

---

1. On August 2, 2001, the trial court, the Honorable Lawrence A. Leclerc presiding, issued an order certifying the case as a class action. On September 11, 2001, the trial court, the Honorable Cynthia Rothe Seeger presiding, issued a judgment granting Rule 54(b) certification.

Maintenance's motion for summary judgment. Maintenance appeals.

## II

[¶ 5] Maintenance argues the trial court erred in granting class certification under Rule 23, N.D.R.Civ.P. Maintenance contends the trial court erred in concluding this action required class certification for a fair and efficient adjudication.

[¶ 6] A trial court has broad discretion in determining whether to certify a class action under Rule 23, N.D.R.Civ.P. *Ritter, Laber & Associates v. Koch Oil,* 2001 ND 56, ¶ 5, 623 N.W.2d 424 ("*Koch II* "). The trial court's decision to certify a class action will not be overturned on appeal unless the court abuses its discretion. *Werlinger v. Champion Healthcare Corp.,* 1999 ND 173, ¶ 6, 598 N.W.2d 820. A trial court abuses its discretion if it acts in an unreasonable, arbitrary, or unconscionable manner. *Ritter, Laber & Associates v. Koch Oil,* 2000 ND 15, ¶ 4, 605 N.W.2d 153 ("*Koch I* "). A trial court also abuses its discretion when its decision is not the product of a rational mental process, or when it misinterprets or misapplies the law. *Id.*

[¶ 7] To certify a class action under N.D.R.Civ.P. 23, the trial court must find that four essential requirements are satisfied:

1. The class is so numerous or so constituted that joinder of all members, whether or not otherwise required or permitted, is impracticable;

2. There is a question of law or fact common to the class;

3. A class action should be permitted for the fair and efficient adjudication of the controversy; and

4. The representative parties fairly and adequately will protect the interests of the class.

*Werlinger,* 1999 ND 173, ¶ 8, 598 N.W.2d 820. The trial court found the requirements of N.D.R.Civ.P. 23 were satisfied, and it certified the case as a class action.

[¶ 8] Maintenance argues the trial court erred in concluding this controversy required class certification for a fair and efficient adjudication. Rule 23(c)(1), N.D.R.Civ.P., lists thirteen factors the trial court is to consider in determining whether the class action satisfies the fair and efficient adjudication requirement. *Koch I,* 2000 ND 15, ¶ 10, 605 N.W.2d 153. The trial court must weigh the competing factors, and no one factor predominates over the others. *Koch II,* 2001 ND 56, ¶ 7, 623 N.W.2d 424.

### A

[¶ 9] Maintenance argues the trial court erred in concluding the joint or common interest factor under N.D.R.Civ.P. 23(c)(1)(A) was satisfied. Maintenance contends the trial court erroneously equated the joint and common interest factor with the commonality test under Rule 23(a)(2). Maintenance claims the class members do not have a joint and common interest, absent interpretation of their contracts as a matter of law. Maintenance suggests its liability, if any, depends on the facts and circumstances unique to each contract, including: a determination of the amount of bonuses Maintenance allegedly failed to pay; a determination of the actual intent of the contracting parties, considering the particular circumstances existing at the time each separately executed contract was made; and a determination of whether there is an offset or counterclaim for overpayment by Maintenance.

[¶ 10] The trial court found a joint and common interest existed among class members under N.D.R.Civ.P. 23(c)(1)(A). The trial court stated, "class members al-

lege that [Maintenance] has impermissibly retained commissions owed to them on the basis of the same contract language applicable to the entire class." We believe the trial court misapplied the law and we remand to the trial court to reconsider its findings.

▬▬ [¶ 11] The joint and common interest factor in N.D.R.Civ.P. 23(c)(1)(A) is similar to the old "true" class action in which all class members must have a common and undivided interest in the subject matter of the suit. *See Werlinger*, 1999 ND 173, ¶ 50, 598 N.W.2d 820; *Koch I*, 2000 ND 15, ¶ 12, 605 N.W.2d 153. Generally, a common interest exists if one class member's failure to collect would increase the recovery of the remaining members, or if the defendant's total liability does not depend on how the recovery of the claim is distributed among the class members. *Koch I*, at ¶ 12 (citing 5 James Wm. Moore et al., *Moore's Federal Practice* § 23.07[3][b][ii] (3d ed.1997)). A joint and common interest under N.D.R.Civ.P. 23(c)(1)(A) is not the same as a common question of law or fact under N.D.R.Civ.P. 23(c)(1)(E). *Koch II*, 2001 ND 56, ¶ 16, 623 N.W.2d 424.

▬▬ [¶ 12] Here the joint and common interest the trial court found is a common question of fact or law. A joint and common interest under N.D.R.Civ.P. 23(c)(1)(A) is not satisfied by merely showing a common interest in recovery or a common nucleus of facts. *Koch I*, 2000 ND 15, ¶ 13, 605 N.W.2d 153. There is no indication in the record that the failure of one potential class member to collect from Maintenance would increase the recovery of the other class members. On the contrary, each potential class member has an individualized amount they claim is owed to them, based on Maintenance's alleged breach of contract. Under the facts presented in this case, we believe the trial

court erred in finding a joint and common interest existed under N.D.R.Civ.P. 23(c)(1)(A).

### B

▬▬ [¶ 13] Maintenance also argues the trial court erred in finding N.D.R.Civ.P. 23(c)(1)(B) weighed in favor of class certification because of a risk of inconsistent or varying adjudications if certification was denied. Rule 23(c)(1)(B), N.D.R.Civ.P., provides:

(B) whether the prosecution of separate actions by or against individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for a party opposing the class.

Generally, incompatible standards under N.D.R.Civ.P. 23(c)(1)(B) occur when the party opposing the class certification would be unable to comply with one judgment without violating the terms of another judgment. *Werlinger*, 1999 ND 173, ¶ 50, 598 N.W.2d 820 (citing James Wm. Moore et al., *Moore's Federal Practice* § 23.41[2][a] (3rd ed.1997)). *Werlinger* involved a similar type of claim, in which employees sued for wages they believed were improperly withheld by their employer. In *Werlinger*, we explained:

Here, the main premise of the district court's finding seems to be that results could differ among the many plaintiffs if their claims were adjudicated individually. This is not a risk of incompatible standards. Generally, different results in actions for money damages do not qualify as .incompatible standards. 5 James Wm. Moore et al., *Moore's Federal Practice* § 23.41[5][a] (3rd ed.1997). Courts reason a defendant is not subject to incompatible standards merely through the risk of being found liable to

some plaintiffs and not to others. *Id.* We hold the district court abused its discretion in finding a risk of incompatible standards based on nothing more than the possibility of inconsistent results as to liability.

1999 ND 173, ¶ 55, 598 N.W.2d 820. The inconsistent and varying adjudications factor in N.D.R.Civ.P. 23(c)(1)(B), only applies to actions in which the non-class party could be sued for different and incompatible affirmative relief, as opposed to actions seeking money damages. *Koch I,* 2000 ND 15, ¶ 16, 605 N.W.2d 153.

[¶ 14] Klagues and Hall claim they are entitled to commissions earned during their employment with Maintenance. Their claim is solely for money, with no other relief requested. Klagues and Hall contend there is a risk of incompatible standards if one court construes the employment agreement to require the payment of commissions, and another court finds the agreement requires no payment. As we have explained, the possibility of different monetary judgments among potential class members does not pose a risk of varying adjudications or incompatible standards. *Werlinger,* 1999 ND 173, ¶ 55, 598 N.W.2d 820 (citing 5 Moore, *supra,* § 23.41[5][a] ). The trial court's finding that there was a risk of inconsistent or varying adjudications among individual members of this class is not a suitable basis for an affirmative finding under N.D.R.Civ.P. 23(c)(1)(B). We believe the trial court misapplied the law with respect to this factor.

## C

[¶ 15] Maintenance argues the trial court erred in finding N.D.R.Civ.P. 23(c)(1)(C) weighed in favor of class certification. Under Rule 23(c)(1)(C), the trial court shall consider and give appropriate weight to "whether adjudications with respect to individual members of the class as a practical matter would be dispositive of the interests of other members not parties to the adjudication or substantially impair or impede their ability to protect their interests." In its memorandum opinion, the trial court concluded, "Clearly, individual actions are a possibility. However, an action brought individually would be reviewed by a subsequent court and an adverse judgment could have a preclusive effect on recovering or defending on claims."

[¶ 16] In *Koch I,* this Court recognized a lack of case law on this factor and looked to the interpretation of the similar federal provision, Fed.R.Civ.P. 23(b)(1)(B), for guidance. 2000 ND 15, ¶ 18, 605 N.W.2d 153. We noted that an affirmative finding is usually made on this factor when there is a limited or insufficient fund. *Id.* There is no indication in the record, nor has it been argued that Maintenance would not have the funds to satisfy multiple judgments against it.

[¶ 17] Although most class certification issues under this factor deal with cases involving limited funds, the plain language of the rule does not restrict it to those cases. *Koch I,* at ¶ 18. The trial court did not base its finding under this factor on Maintenance's lack of funds, but instead found individual actions could have a preclusive effect on recovering or defending claims. We noted in *Koch I,* the majority of courts have required that the effect of separate actions must be more than stare decisis. *See id.; see also* 5 *Moore's Federal Practice* § 23.42[3][b] (noting the stare decisis effect is insufficient to warrant class certification under this factor). The intent of Rule 23 is not to create a right to a class action simply because an opinion in one action might be cited as precedent in another action. Herbert B. Newberg & Alba Conte, *Newberg*

*on Class Actions* § 4.10 (3rd ed.1992) (citing *Goldman Theatres, Inc. v. Paramount Film Corp.*, 49 F.R.D. 35 (E.D.Pa.1969)). If this were considered the rule, then almost every action would be susceptible of being brought as a class action. *Id.* Precedent alone should not be the basis for class certification under this factor, but precedent plus some other practical factor could be sufficient to qualify as a class under this factor. *Newberg*, at § 4.10.

[¶ 18]   If claims or defenses of members of the proposed class are based on unique facts or individual relationships with the opposing party, certification is inappropriate under N.D.R.Civ.P. 23(c)(1)(C). *See* 5 *Moore's Federal Practice* § 23.42[3][a] (analyzing Fed.R.Civ.P. 23(b)(1)(B), the similar federal provision). Certification is also inappropriate under N.D.R.Civ.P. 23(c)(1)(C) in actions seeking only money damages. *See id.*, at § 23.42[4]. The trial court misapplied the law in finding N.D.R.Civ.P. 23(c)(1)(C) weighed in favor of class certification.

### D

[¶ 19]   Maintenance argues the trial court erred in finding common questions of law or fact predominate over individual ones.   Maintenance contends the contract interpretation issue is not suitable for a class action, and the individual intent issues predominate over common issues. We addressed a similar argument in *Peterson v. Dougherty Dawkins, Inc.*, 1998 ND 159, ¶ 21, 583 N.W.2d 626.   In *Peterson,* we stated that the common issues need not be dispositive of the entire litigation, and class action status is not to be refused merely because individual fact issues will remain after the common issues are resolved. *Id.* at ¶ 22.   The trial court found that all the sales representatives were bound by an identical bonus/commission policy issued by Maintenance.   The trial

court concluded that the interpretation of the terms of the contract would be identical for all of the class members.   Based on its findings, we conclude the trial court did not abuse its discretion in finding common questions predominate in this action.

### E

[¶ 20]   Maintenance argues the trial court erred in concluding that class members have no substantial interest in controlling the prosecution of separate actions.   Rule 23(c)(1)(H), N.D.R.Civ.P., requires the trial court to consider "whether members not representative parties have a substantial interest in individually controlling the prosecution or defense of separate actions."   The trial court found Rule 23(c)(1)(H), N.D.R.Civ.P., weighed in favor of granting class certification.   The trial court stated:

> Neither of the representative plaintiffs has a substantial interest in placing their claims before any other members of the class.   A favorable interpretation of the contract for the representative plaintiffs would also be a favorable interpretation for the remainder of the class.   Clearly this shows that they do not have any substantial individual interests that could be considered hostile to the remainder of the class.

[¶ 21]   Under the similar federal provision, when damages suffered by each putative class member are not large, this factor weighs in favor of certifying a class action. *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1190 (9th Cir.2001).   Based upon the record in this action, we are unable to conclude it was an abuse of discretion for the trial court to find this factor weighed in favor of class certification.

### III

[¶ 22]   None of the factors in N.D.R.Civ.P. 23(c)(1) predominates over

the others, and the trial court is not required to address all of the factors. *Werlinger*, 1999 ND 173, ¶ 56, 598 N.W.2d 820. However, the trial court may not base its class certification on factors it incorrectly applies. *Id.* It is apparent from the record that the trial court incorrectly analyzed the joint and common interest factor under N.D.R.Civ.P. 23(c)(1)(A), the inconsistent standards factor under N.D.R.Civ.P. 23(c)(1)(B), and the common questions factor under N.D.R.Civ.P. 23(c)(1)(C). Because the extent to which the trial court may have relied on these flawed analyses in ordering class certification is uncertain, we remand the case for a determination of the class certification question based on a correct consideration of the Rule 23(c)(1) factors.

## IV

[¶ 23] Maintenance challenged the trial court's class certification on two additional issues. First, Maintenance argues the trial court erred in concluding questions of fact or law were common to the class. Rule 23(a)(2), N.D.R.Civ.P., requires a common question of law or fact to exist among class members. The trial court concluded all of the proposed members of the plaintiff's class were subject to a version of Maintenance's sales contract. The trial court noted that Maintenance had the option of modifying the bonus/commission structure, but no modification was made by Maintenance to any of the disputed contracts. We have stated, because only one question of law or fact is required to establish commonality, courts have classified it as easily satisfied under the rule. *Werlinger*, 1999 ND 173, ¶ 16, 598 N.W.2d 820. "Individual differences in cases concerning treatment or damages do not defeat commonality." *Id.* We conclude the trial court properly found Maintenance's bonus/commission structure in its company-wide contract involved a common question. The trial court did not abuse its discretion in finding common questions of law and fact among class members.

[¶ 24] Maintenance also argues Klagues and Hall cannot fairly and adequately protect class interests in this action. The trial court found that Klagues and Hall would adequately protect the interests of the proposed class. The trial court concluded the attorneys were experienced and capable of handling the class action. In addition, the trial court found there did not appear to be any conflict of interest among the representative parties, nor had they shown an unwillingness to pay.

[¶ 25] Under N.D.R.Civ.P. 23(c)(2), the trial court must find:

(A) the attorney for the representative parties will adequately represent the interests of the class;

(B) the representative parties do not have a conflict of interest in the maintenance of the class action; and

(C) the representative parties have or can acquire adequate financial resources, considering subdivision (q), to assure that the interests of the class will not be harmed.

[¶ 26] The trial court made affirmative findings under each of the factors listed in N.D.R.Civ.P. 23(c)(2). We cannot conclude the trial court abused its discretion in finding Klagues and Hall adequately represent the proposed class.

## V

[¶ 27] On appeal, Klagues and Hall argue the trial court erred in granting Rule 54(b) certification on the denial of Maintenance's motion for summary judgment on the claims of breach of contract and an accounting. The trial court grant-

ed Maintenance's motion for Rule 54(b) certification, determining "that there is no just reason for delay in the entry of final judgment on that part of this Court's July 18, 2001 Order denying Defendant's Motion for Summary Judgment dismissing Plaintiffs' claims for breach of contract and accounting."

[¶ 28]   Rule 54(b), N.D.R.Civ. P., authorizes a trial court to enter a final judgment adjudicating fewer than all of the claims or the rights and liabilities of fewer than all of the parties upon "express determination that there is no just reason for delay" and "express direction for the entry of judgment." We are not bound by a trial court's Rule 54(b) certification, and we review the court's decision under the abuse of discretion standard. *Nodak Mut. Farm Bureau v. Kosmatka,* 2000 ND 210, ¶ 4, 619 N.W.2d 852. The burden is on the party seeking Rule 54(b) certification to establish extraordinary circumstances or, absent review, show that unusual hardship would occur. *Id.* at ¶ 7. Our review of the record and the briefs of the parties does not indicate extraordinary circumstances or unusual hardship would occur to Maintenance in the absence of immediate review. In this case, there are no unusual or compelling circumstances presented by Maintenance, nor are there any apparent from the record. *See In Re Estate of Lutz,* 1999 ND 121, ¶ 3, 595 N.W.2d 590.

[¶ 29]   We have indicated that an order denying summary judgment is interlocutory and is not appealable. *Vinje v. Sabot,* 477 N.W.2d 198, 199 (N.D.1991).

[¶ 30]   We conclude Rule 54(b) certification was inappropriate, and the trial court abused its discretion in granting Maintenance's request for entry of judgment. We reverse the final judgment as to Maintenance's motion for summary judgment, as well as the order granting 54(b) certification and directing entry of the final judgment. The trial court's interlocutory order denying summary judgment remains in effect. We dismiss the appeal of the denial of summary judgment.

## VI

[¶ 31]   Consistent with this opinion, we reverse in part and remand the class certification order with instructions. We dismiss the appeal of the denial of summary judgment.

[¶ 32] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, DALE V. SANDSTROM, JJ., concur.