2015 ND 225

**Greg HOLVERSON, Plaintiff and Appellee**

*v.*

**Susan LUNDBERG, as Trustee of the Gabriel J. Brown Trust, Defendant and Appellant.**

No. 20140347.

Supreme Court of North Dakota.

Sept. 4, 2015.

Lawrence A. Dopson, Bismarck, N.D., for plaintiff and appellee.

William J. Delmore, Bismarck, N.D., for defendant and appellant.

Jill J. Sholts (appeared), Eden Prairie, MN, for defendant and appellant.

CROTHERS, Justice.

[¶ 1] Susan Lundberg, as trustee of the Gabriel J. Brown Trust, appeals from an order granting Greg Holverson summary judgment. We treat Lundberg's appeal as an appeal from a subsequently entered consistent judgment, and conclude we do not have jurisdiction to hear the appeal because the district court has ordered but not yet determined the amount of attorney fees awarded to Holverson. We dismiss the appeal.

I

[¶ 2] Holverson sued Lundberg to quiet title to a tract of land in Burleigh County, alleging he executed a contract for deed to purchase land from the Trust in 1978. He defaulted on payments under the contract for deed and Lundberg sent him a notice of statutory cancellation of the contract on December 13, 2012, which required him to satisfy the contract by June 17, 2013. Holverson alleged he presented a cashier's check to Lundberg for the balance due under the contract for deed on June 14, 2013, but she refused to accept the check. He sought to require Lundberg to accept the check, convey the land to him and to quiet title to the land.

[¶ 3] Lundberg answered and counterclaimed. She sought to rescind the 1978 contract for deed and a 1997 amended contract for deed and a mortgage, alleging Holverson's fraud and false representations induced her to forebear from cancelling the contract for deed before 2012, and she instead agreed to amend the contract for deed and a mortgage in 1997 to extend his time to pay and to reduce the amount owed the Trust. She alternatively claimed that if she was not entitled to rescind the contract for deed, she was entitled to damages for Holverson's fraud and misrepresentation.

[¶ 4] The district court granted Holverson summary judgment, dismissing Lundberg's counterclaims, directing her to accept Holverson's cashier's check and convey the land to him, and quieting title in the land to him. The court ruled Lundberg's conclusory allegations about fraud and misrepresentations failed to raise a disputed issue of material fact on her counterclaims. The court said Lundberg's allegations that Holverson satisfied several other mortgages on this property while failing to make required payments on the contract for deed were conclusory and failed to demonstrate Holverson executed the contract for deed with no intention of performing. The court said if Holverson breached the contract for deed because he executed other mortgages on the land during the term of the contract for deed, the trustee's remedy was to cancel the contract for deed. The court also explained if Holverson made false statements to induce Lundberg to amend the contract for deed and a mortgage in 1997, her remedy was to cancel the contract for deed. The court said by serving a statutory notice of default on Holverson, Lundberg was obligated by statute to allow Holverson six months to cure the default and he cured within that time. The court also decided Lundberg was not entitled to damages resulting from Holverson's failure to make timely payments because she waived any defaults by Holverson and was entitled to cancel the contract for deed at any time. The court concluded Lundberg initiated the statutory process to cancel the contract for deed after Holverson defaulted, Holverson performed under the statutory requirements to cure his default and Lundberg was obligated to accept the cashier's check.

[¶5] The court's order for summary judgment granted Holverson "such other relief requested in the motion" for summary judgment. On October 6, 2014, Lundberg appealed from the September 21, 2014, order granting Holverson's motion for summary judgment. On November 19, 2014, a judgment was entered incorporating the disposition in the order for summary judgment and awarding Holverson reasonable attorney fees.

## II

[¶6] Before we consider the merits of an appeal, we must have jurisdiction. *In re Estate of Hollingsworth*, 2012 ND 16, ¶7, 809 N.W.2d 328. "We must dismiss an appeal on our own motion if we conclude that we do not have jurisdiction." *Frontier Enters., L.L.P. v. D.W. Enters., L.L.P.*, 2004 ND 131, ¶3, 682 N.W.2d 746. The right to appeal in this state is purely statutory, and if there is no statutory basis for an appeal we must take notice of the lack of jurisdiction and dismiss the appeal. *Hollingsworth*, at ¶7; *City of Grand Forks v. Riemers*, 2008 ND 153, ¶5, 755 N.W.2d 99. Only judgments and decrees which constitute a final judgment of the rights of the parties and certain orders enumerated by statute are appealable. *City of Mandan v. Strata Corp.*, 2012 ND 173, ¶5, 819 N.W.2d 557; *Brummund v. Brummund*, 2008 ND 224, ¶5, 758 N.W.2d 735.

[¶7] Lundberg has attempted to appeal from an order granting summary judgment. "'An order granting summary judgment is not appealable.'" *Hale v. Ward Cnty.*, 2012 ND 144, ¶11, 818 N.W.2d 697 (quoting *Farmers Union Oil Co. v. Smetana*, 2009 ND 74, ¶7, 764 N.W.2d 665). "'An attempted appeal from the order granting summary judgment will, however, be treated as an appeal from a subsequently entered consistent judg-ment, if one exists.'" *Hale*, at ¶11 (quoting *Smetana*, at ¶7).

[¶8] After Lundberg filed her notice of appeal from the order for summary judgment, a judgment was entered incorporating the disposition in the order for summary judgment and awarding Holverson "reasonable" attorney fees. We treat Lundberg's appeal as an appeal from that judgment.

[¶9] That conclusion, however, does not end the jurisdictional inquiry in this case because the district court has not yet determined the amount of attorney fees awarded to Holverson. The framework for analyzing this Court's jurisdiction in appeals involving unadjudicated claims remaining to be resolved by the district court is well settled. *Gissel v. Kenmare Twp.*, 463 N.W.2d 668, 670 (N.D.1990). In *Hollingsworth*, 2012 ND 16, ¶9, 809 N.W.2d 328 (quoting *Investors Title Ins. Co. v. Herzig*, 2010 ND 138, ¶¶23–24, 785 N.W.2d 863), we described our two-step analysis for evaluating finality:

"'First, the order appealed from must meet one of the statutory criteria of appealability set forth in NDCC 28–27–02. If it does not, our inquiry need go no further and the appeal must be dismissed. If it does, then Rule 54(b), N.D.R.Civ.P., [if applicable,] must be complied with. If it is not, we are without jurisdiction.'

*Matter of Estate of Stensland*, 1998 ND 37, ¶10, 574 N.W.2d 203 (quoting *Gast Constr. Co., Inc. v. Brighton P'ship*, 422 N.W.2d 389, 390 (N.D.1988) (citations omitted)).

The purpose of N.D.R.Civ.P. 54(b) is to facilitate our longstanding policy to discourage piecemeal appeals of multi-claim or multi-party litigation. Under N.D.R.Civ.P. 54(b), the district court is authorized to enter a final judgment ad-

judicating fewer than all claims of all parties when the court expressly concludes there is no just reason for delay and expressly directs the entry of judgment."

[¶ 10]   Here, the judgment does not resolve the amount of attorney fees awarded to Holverson and contemplates further action by the district court. No certification under N.D.R.Civ.P. 54(b) exists, and the record does not suggest this is the "infrequent harsh case" appropriate for Rule 54(b) certification. *See Hollingsworth,* 2012 ND 16, ¶ 12, 809 N.W.2d 328. The unadjudicated determination of reasonable attorney fees leaves open the potential for more litigation between the parties and another appeal. Thus, the posture of this case is contrary to our longstanding policy against piecemeal appeals. *See Fode v. Capital RV Ctr., Inc.,* 1998 ND 65, ¶ 7, 575 N.W.2d 682 (addressing merits after limited remand to determine amount of attorney fees award). We conclude the judgment in this case is not a final appealable judgment, and we do not have jurisdiction.

### III

[¶ 11]   We dismiss the appeal.

[¶ 12]   WILLIAM A. HERAUF, D.J., LISA FAIR McEVERS and DALE V. SANDSTROM, JJ., concur.

[¶ 13]   The Honorable William A. Herauf, D.J., sitting in place of Kapsner, J., disqualified.

VANDE WALLE, Chief Justice, dissenting.

[¶ 14]   Because I would not approve an award of attorney fees in any amount in this case, I respectfully dissent.

[¶ 15]   GERALD W. VANDE WALLE, C.J.