2017 ND 229

**Darilyn BAKER, individually, and on behalf of all persons similarly situated, Plaintiff and Appellant**

**v.**

**AUTOS INC., a North Dakota Corporation, d/b/a Global Auto; RW Enterprises Inc., a North Dakota Corporation; Randy Westby, an individual, James Hendershot, an individual, and Robert Opperude, an individual, Defendants and Appellees**

No. 20170174

Supreme Court of North Dakota.

Filed 9/20/2017

Larry M. Baer (argued), West Des Moines, IA, and Robert G. Ackre (on brief), Cando, ND, for plaintiff and appellant.

Sean Marrin (argued), and Kraig A. Wilson (on brief), Grand Forks, ND, for defendants and appellees Autos Inc., a North Dakota Corporation, d/b/a Global Auto, Robert Opperude and James Hendershot.

Bryan L. Van Grinsven, Minot, ND, for defendants and appellees RW Enterprises Inc., a North Dakota Corporation and Randy Westby, an individual.

Crothers, Justice.

[¶1] Darilyn Baker appeals from a partial summary judgment in her class action against Autos, Inc., Robert Opperude, James Hendershot, RW Enterprises, Inc., and Randy Westby after the district court adopted the parties' stipulation to resolve certain factual and legal issues and to grant certification under N.D.R.Civ.P. 54(b). We conclude the court abused its discretion in granting certification under Rule 54(b) and dismiss the appeal.

I

[¶2] In 2007, Baker purchased a car from Autos. She financed the purchase of the car by trading in a car and entering into a retail installment sales contract with Autos. Baker failed to make some of her required monthly payments for the car and it was repossessed. Before Baker defaulted on her loan, Autos assigned her retail installment sales contract to RW Enterprises. After the car was repossessed, Baker sued Autos, RW Enterprises, and their individual owners, alleging they failed to comply with state statutory requirements for retail installment sales contracts and violated state usury laws. Baker moved to certify her lawsuit as a class action for all purchasers of cars from Autos who may have suffered an injury as a result of the defendants' business practices. After the district court denied her motion for class certification, a majority of this Court reversed and remanded for reconsideration. *Baker v. Autos, Inc.*, 2015 ND 57, 860 N.W.2d 788.

[¶3] The district court subsequently granted Baker's motion for class certification and thereafter partially granted and partially denied her motion for summary judgment. The court ruled two simultaneously executed documents, a "buyer's order" and a "retail installment contract and security agreement," constituted the buyer's retail installment sales contract. The court denied Baker's motion for summary judgment on her claim that Autos failed to disclose a "document administration fee" and a "loan fee" as finance charges, concluding that those fees were disclosed when the two documents were read together. The court also concluded all class members who were charged and paid a $25 late fee on any delinquent installment payment due under their retail installment sales contract were entitled to a refund because the amount of that late fee was not authorized by N.D.C.C. § 51–13–02(2)(e). The court decided the excessive late fee was not an additional finance charge and did not deprive the defendants of protection as a regulated lender under usury laws in N.D.C.C. ch. 47–14. The court said N.D.C.C. § 51–13–07 provided the remedy for a violation of statutes prohibiting excessive late fees. The court reserved ruling on which defendant was liable for repayment of any excessive late fees, and whether the excessive late fees invoked statutory sanctions for violating laws pertaining to the requirements for retail installment sales contracts, for regulated lender status and for state usury laws.

[¶4] The parties thereafter stipulated to the resolution of certain remaining legal and factual issues and to a certification that there was no just reason for delay and entry of judgment under N.D.R.Civ.P. 54(b). The district court adopted the parties' stipulation and certified the partial summary judgment as final under Rule 54(b). The court's partial summary judg-ment concluded: (1) the imposition of the $25 late fee violated statutory limitations for late fees; (2) all class members who were actually assessed and paid a late fee in excess of the statutory limitation were entitled to a refund of all fees paid; and (3) all other claims were dismissed. The partial summary judgment identified the following issues remaining to be decided: (1) the identity of class members entitled to recover excessive late fees; (2) the individual liability of Hendershot and Opperude; and (3) the potential liability of RW Enterprises and Westby.

II

[¶5] Before addressing the merits of Baker's appeal, we consider whether the district court appropriately directed entry of a final judgment under N.D.R.Civ.P. 54(b) without first deciding the unresolved issues.

[¶6] Rule 54(b), N.D.R.Civ.P., authorizes a district court to direct entry of a final judgment adjudicating fewer than all the claims, or the rights and liabilities of fewer than all of the parties, upon expressly determining there is no just reason for delay. In *Capps v. Weflen*, we explained our review of a Rule 54(b) certification:

" 'We "will not consider an appeal in a multi-claim or multi-party case which disposes of fewer than all claims against all parties unless the trial court has first independently assessed the case and determined that a Rule 54(b) certification is appropriate." ' *Pifer v. McDermott*, 2012 ND 90, ¶ 9, 816 N.W.2d 88 (quotation omitted). However, '[e]ven if the trial court does make the requisite determination under Rule 54(b), we are not bound by the court's finding that "no just reason for delay exists." ' *Pifer*, at ¶ 9 (quotation omitted). 'We will <u>sua sponte</u> review the court's certification to determine if the court has abused its

discretion.' *Id.* (quotation omitted). 'A district court abuses its discretion if it acts in an unreasonable, arbitrary, or unconscionable manner, if its decision is not the product of a rational mental process leading to a reasoned decision, or if it misinterprets or misapplies the law.' *Id.* (quotation omitted)."

2013 ND 16, ¶ 6, 826 N.W.2d 605.

■■■ [¶7] "Rule 54(b), N.D.R.Civ.P., preserves [our] long[-]standing policy against piecemeal appeals." *Pifer v. McDermott*, 2012 ND 90, ¶ 8, 816 N.W.2d 88 (quoting *Citizens State Bank v. Symington*, 2010 ND 56, ¶ 7, 780 N.W.2d 676). "Upon requesting Rule 54(b) certification, the burden is upon the proponent to establish prejudice or hardship which will result if certification is denied." *Union State Bank v. Woell*, 357 N.W.2d 234, 237 (N.D. 1984). A district court must weigh the competing equities involved and must consider judicial administrative interests in making its determination whether to certify under Rule 54(b). *Woell*, at 237. Certification under Rule 54(b) "should not be routinely granted and is reserved for cases involving unusual circumstances where failure to allow an immediate appeal would create a demonstrated prejudice or hardship." *Symington*, at ¶ 9. "The purpose of our review 'is to determine whether the case presents an "infrequent harsh case" warranting the extraordinary remedy of an otherwise interlocutory appeal.' " *Bulman v. Hulstrand Construction Co., Inc.*, 503 N.W.2d 240, 241 (N.D. 1993) (quoting *Gissel v. Kenmare Twp.*, 479 N.W.2d 876, 877 (N.D. 1992)).

[¶8] We have articulated noninclusive factors for a district court to consider in assessing a request for Rule 54(b) certification:

> " '(1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in setoff against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.' "

*Woell*, 357 N.W.2d at 238 (quoting *Allis-Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F.2d 360, 364 (3d Cir. 1975)).

■■ [¶9] The merits of Baker's appeal focus on the application of our state's usury laws to retail installment sales contracts and the remedies for violating statutory provisions for excessive late fees. The parties argue this Court should resolve those issues without a district court decision about which class members may be entitled to recovery for excessive late fees or which defendants ultimately may be liable for the excessive late fees.

[¶10] We have said a Rule 54(b) certification may be appropriate only if the certified judgment fully decides an entire claim. *Brummund v. Brummund*, 2008 ND 224, ¶ 9, 758 N.W.2d 735; *Choice Fin. Group v. Schellpfeffer*, 2005 ND 90, ¶ 9, 696 N.W.2d 504. Here, Baker's entire claim about the excessive late fees has not been decided and issues about the ultimate liability for the fees remain. The claim about the excessive late fees has not been fully decided and limits the availability of a Rule 54(b) certification. The pending issues and the decided issues all arise from claims about Autos' use of retail installment sales contracts for the class, and involve related legal and factual circumstances. We have recognized that Rule 54(b) certification is not appropriate for claims that are "logically related legally and factually" and are

"closely intertwined." *Tharaldson Ethanol Plant I, LLC v. VEI Glob., Inc.*, 2014 ND 94, ¶ 18, 845 N.W.2d 900. *See Pifer*, 2012 ND 90, ¶¶ 17–19, 816 N.W.2d 88.

[¶11] Moreover, in *Klagues v. Maint. Eng'g*, 2002 ND 59, ¶ 1, 643 N.W.2d 45, this Court considered a Rule 54(b) certification of the denial of a defendant's motion for summary judgment on two potentially dispositive claims in a class action. This Court said a review of the record did not reveal that extraordinary circumstances or unusual hardships would occur in the absence of immediate review. *Id.* at ¶ 28. We concluded the Rule 54(b) certification was inappropriate and dismissed the appeal of the denial of a motion for summary judgment in the class action. *Id.* at ¶ 30.

[¶12] Baker's claims are part of a class action involving the defendants' business practices and this case presents the type of piecemeal appeal Rule 54(b) was designed to prevent. Baker moved for and was denied summary judgment on the usury claim. The ultimate liability for Baker's claim about excessive late fees has not been determined and a subsequent appeal from the district court's decisions about liability cannot be ruled out. The parties have not demonstrated how the issue about applicability of state usury law to a class action elevates this case to the level of an extraordinary circumstance involving undue hardship to satisfy the requirement for the infrequent harsh case warranting our immediate review of the issue. *See Klagues*, 2002 ND 59, ¶ 28, 643 N.W.2d 45. We conclude this case does not present " 'out-of-the-ordinary circumstances or cognizable, unusual hardships to the litigants ... if resolution of the issues on this appeal is deferred.' " *Capps*, 2013 ND 16, ¶ 10, 826 N.W.2d 605 (quoting *Pifer*, 2012 ND 90, ¶ 17, 816 N.W.2d 88). Therefore, the district court abused its discretion in certifying the partial summary judgment as final under N.D.R.Civ.P. 54(b).

### III

[¶13] We dismiss Baker's appeal and direct the district court to vacate that portion of its judgment certifying the judgment as final under N.D.R.Civ.P. 54(b).

[¶14] Daniel J. Crothers

Lisa Fair McEvers

Jon J. Jensen

Jerod E. Tufte

Gerald W. VandeWalle, C.J.