VandeWalle, Chief Justice.
 

 [¶ 1] Jacob Greer, doing business as Greer Farm, appealed from a judgment dismissing his claims against Global Industries, Inc. and Nebraska Engineering Co. ("NECO"), an unincorporated division of Global Industries (collectively "Global"). Greer argues the district court erred in granting summary judgment dismissal of his claims against Global because there were genuine issues of material fact about whether Advanced Ag Construction Incorporation, also a party to this action, was Global's agent when Advanced Ag sold a grain dryer to Greer. We dismiss the appeal, concluding certification under N.D.R.Civ.P. 54(b) was improvidently granted.
 

 I
 

 [¶ 2] Greer sued Global Industries, NECO, and Advanced Ag for breach of contract and conversion. Greer alleged he purchased a NECO grain dryer from Advanced Ag for $237,075, Advanced Ag was an agent of NECO and Global Industries, and he never received the grain dryer from Advanced Ag, NECO, or Global Industries. He requested damages for the amount he paid for the dryer, lost tax deductions and advantages, and other related losses.
 

 [¶ 3] Global answered Greer's complaint and demanded a jury trial on all triable issues. Global claimed NECO was an unincorporated division of Global Industries and was not separately subject to service of process. Global alleged Greer's claims against Global were barred because he could not establish an agency relationship between Global and Advanced Ag. Global requested Greer's claims against them be dismissed with prejudice.
 

 [¶ 4] Advanced Ag did not answer Greer's complaint or otherwise appear in the action. A default judgment had not been entered against Advanced Ag before this appeal. There is nothing in this record to indicate Advanced Ag is bankrupt or would be unable to pay a judgment against it.
 

 [¶ 5] Global moved for summary judgment requesting dismissal of all of Greer's claims. Global argued Greer's claims were based upon a theory of agency that was not available under the law. Greer opposed the motion and alleged Advanced Ag was Global's agent. After a hearing, the district
 
 *4
 
 court granted Global's motion, ruling Advanced Ag did not have actual authority to act as Global's agent and there was no evidence to support a claim that Advanced Ag had apparent or ostensible authority to act on behalf of Global. The court granted summary judgment in favor of Global as a matter of law and dismissed all claims against Global with prejudice. Judgment was entered dismissing the claims and awarding Global $18,456.82 in costs and disbursements.
 

 [¶ 6] Greer moved for certification under N.D.R.Civ.P. 54(b) to allow him to appeal the summary judgment dismissing his claims against Global and for a continuance of the trial to determine damages. After a hearing, the district court granted the motion.
 

 II
 

 [¶ 7] Before we can consider the merits of an appeal, we must determine whether we have jurisdiction.
 
 Holverson v. Lundberg
 
 ,
 
 2015 ND 225
 
 , ¶ 6,
 
 869 N.W.2d 146
 
 . We apply a two-step analysis to determine whether we have jurisdiction:
 

 First, the order appealed from must meet one of the statutory criteria of appealability set forth in N.D.C.C. § 28-27-02. If it does not, our inquiry need go no further and the appeal must be dismissed. If it does, then [ N.D.R.Civ.P. 54(b), if applicable,] must be complied with. If it is not, we are without jurisdiction.
 

 Id.
 
 at ¶ 9 (quoting
 
 In re Estate of Hollingsworth
 
 ,
 
 2012 ND 16
 
 , ¶ 9,
 
 809 N.W.2d 328
 
 ).
 

 [¶ 8] The right to appeal is purely statutory, and if there is no statutory basis for an appeal, we do not have jurisdiction and we must dismiss the appeal.
 
 Holverson
 
 ,
 
 2015 ND 225
 
 , ¶ 6,
 
 869 N.W.2d 146
 
 . Only judgments constituting a final judgment of the rights of the parties and certain orders specified by statute are appealable.
 

 Id.
 

 [¶ 9] Greer appealed from an order granting Global's motion for summary judgment and the subsequent judgment dismissing his claims against Global with prejudice. A judgment entered after an order granting summary judgment is appealable.
 
 See
 
 N.D.C.C. § 28-27-02 ;
 
 Peterson v. Zerr
 
 ,
 
 443 N.W.2d 293
 
 , 296 (N.D. 1989). Although the judgment is appealable and all claims against Global were dismissed, this action involves multiple parties and the claims against Advanced Ag remain pending. Greer, therefore, must also comply with N.D.R.Civ.P. 54(b) or this Court does not have jurisdiction.
 

 [¶ 10] Rule 54(b), N.D.R.Civ.P., states:
 

 If an action presents more than one claim for relief, whether as a claim, counterclaim, crossclaim, or third-party claim, or if multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.
 

 We have explained our review of a Rule 54(b) certification:
 

 We will not consider an appeal in a multi-claim or multi-party case which disposes of fewer than all claims against all parties unless the trial court has first independently assessed the case and determined that a Rule 54(b) certification is appropriate. However, [e]ven if the
 
 *5
 
 trial court does make the requisite determination under Rule 54(b), we are not bound by the court's finding that "no just reason for delay exists." We will sua sponte review the court's certification to determine if the court has abused its discretion. A district court abuses its discretion if it acts in an unreasonable, arbitrary, or unconscionable manner, if its decision is not the product of a rational mental process leading to a reasoned decision, or if it misinterprets or misapplies the law.
 

 Baker v. Autos Inc
 
 .,
 
 2017 ND 229
 
 , ¶ 6,
 
 902 N.W.2d 508
 
 (quoting
 
 Capps v. Weflen
 
 ,
 
 2013 ND 16
 
 , ¶ 6,
 
 826 N.W.2d 605
 
 ) (citations and quotations omitted).
 

 [¶ 11] Rule 54(b), N.D.R.Civ.P., preserves our long-standing policy against piecemeal appeals.
 
 Baker
 
 ,
 
 2017 ND 229
 
 , ¶ 7,
 
 902 N.W.2d 508
 
 . "[T]he purpose of the Rule is to balance the competing policies of permitting accelerated review of certain judgments with the desire to avoid the waste in appellate resources which can accompany piecemeal review[.]"
 
 Peterson
 
 ,
 
 443 N.W.2d at 297
 
 . The district court must weigh the policy against piecemeal appeals with whatever exigencies the case may present, and the burden is on the moving party to establish prejudice and hardship would result if certification is denied.
 

 Id.
 

 In assessing the request for Rule 54(b) certification, the district court should consider:
 

 (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in setoff against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.
 

 Baker
 
 , at ¶ 8 (quoting
 
 Union State Bank v. Woell
 
 ,
 
 357 N.W.2d 234
 
 , 238 (N.D. 1984) ).
 

 [¶ 12] Certification should not be routinely granted and "is reserved for cases involving unusual circumstances where failure to allow an immediate appeal would create a demonstrated prejudice or hardship."
 
 Baker
 
 ,
 
 2017 ND 229
 
 , ¶ 7,
 
 902 N.W.2d 508
 
 (quoting
 
 Citizens State Bank v. Symington
 
 ,
 
 2010 ND 56
 
 , ¶ 9,
 
 780 N.W.2d 676
 
 ). This Court is not bound by the district court's decision to grant Rule 54(b) certification, and we review the court's decision to determine whether the case is an " 'infrequent harsh case' warranting the extraordinary remedy of an otherwise interlocutory appeal."
 
 Baker,
 
 at ¶ 7 (quoting
 
 Bulman v. Hulstrand Constr. Co., Inc.
 
 ,
 
 503 N.W.2d 240
 
 , 241 (N.D. 1993) );
 
 see also
 

 Brummund v. Brummund
 
 ,
 
 2008 ND 224
 
 , ¶ 5,
 
 758 N.W.2d 735
 
 .
 

 [¶ 13] Greer argued to the district court that Rule 54(b) certification should be granted because the only remaining claims were against Advanced Ag, Advanced Ag defaulted and cannot dispute liability, the only remaining issue was to determine damages, and Global would be liable for the full amount of damages if summary judgment was reversed on appeal without Global having an opportunity to defend against the evidence of damages. Greer argued there were unusual and compelling circumstances in this case because there were allegations of an agency relationship, the alleged agent defaulted, and there was a possibility that the damages could be subject to res judicata or collateral estoppel. Greer claimed the issue raised on appeal would not become moot because Advanced Ag defaulted, there was no risk the issue would have to be considered
 
 *6
 
 twice, and there were no claims that could result in setoff of the judgment. He also claimed certification would allow him to avoid multiple trials on the damages issue, it would not lead to increased expense for Global, and he believed judgment against Advanced Ag would not be collectible. The district court granted Greer's motion for Rule 54(b) certification. The court explained its decision, stating "without considering [Greer's] res judicata/collateral estoppel arguments, all of the other reasons raised by [Greer] in his brief require Rule 54(b) certification to allow [Greer] to file an appeal of the Judgment entered on October 2, 2017." The court did not provide further explanation.
 

 [¶ 14] This Court has said, "In a multiple party situation 'where the complaint is dismissed as to one defendant but not others, the court should not, as a general matter, direct the entry of a final judgment pursuant to Rule 54(b) if the same or closely related issues remain to be litigated against the undismissed defendants.' "
 
 Peterson
 
 ,
 
 443 N.W.2d at 298
 
 (quoting
 
 Cullen v. Margiotta
 
 ,
 
 811 F.2d 698
 
 , 710 (2d Cir.1987) ). When the claims dismissed against one of the defendants are factually and legally related to the claims against the remaining defendant, that weighs heavily against Rule 54(b) certification.
 
 Peterson
 
 , at 298. Greer sued Advanced Ag and Global for breach of contract and conversion. Greer alleged he entered into an agreement with Advanced Ag for a grain dryer, he paid for the dryer, Advanced Ag was an agent for Global, and he did not receive the dryer from either Advanced Ag or Global. He alleged Global is liable because Advanced Ag was its agent. There are no allegations against Global separately. Greer claims the only remaining issues are related to damages and Global would be jointly and severally liable for the full amount of damages awarded to Greer against Advanced Ag if agency was established. The claims against Global and Advanced Ag are factually and legally related and the claims arise from the same series of transactions and occurrences.
 

 [¶ 15] Greer argues immediate appellate review should be granted to avoid the possibility of multiple trials if this Court determined the district court erred by granting summary judgment in favor of Global. Although Advanced Ag has never responded to Greer's complaint or appeared in the case, Greer contends a trial will be required to determine damages for the judgment. He claims it is possible a second trial would be required if this Court determines Rule 54(b) certification was improvidently granted and later determined the district court erred by granting summary judgment and dismissing his claims against Global.
 

 [¶ 16] We have expressed our skepticism of this rationale and in other cases have held, absent unusual and compelling circumstances, the desire to avoid multiple trials alone is not sufficient to grant Rule 54(b) certification.
 
 Peterson
 
 ,
 
 443 N.W.2d at 299
 
 . We have said there is always the possibility that a second trial may be required in multi-party cases when fewer than all of the defendants are dismissed from the lawsuit, and therefore that reason alone is not sufficient to certify.
 
 See
 

 Club Broadway, Inc. v. Broadway Park
 
 ,
 
 443 N.W.2d 919
 
 , 921-22 (N.D. 1989). "More is required to justify a Rule 54(b) certification than a mere recitation of generic circumstances applicable to every attempted appeal from an otherwise interlocutory judgment."
 

 Id.
 

 at 921
 
 . There should be "a showing of any out-of-the-ordinary circumstances or cognizable, unusual hardships to the litigants that will arise if resolution of the issues [on appeal] is deferred."
 
 Peterson,
 
 at 299. Greer's desire to
 
 *7
 
 potentially avoid two trials alone is not sufficient to grant certification.
 

 [¶ 17] Greer also argues the need for review will not be mooted by future district court action, this Court will not be required to consider the same issues a second time, and there are no claims or counterclaims which could result in a setoff against the judgment. While it is possible those arguments may be true, those factors do not suggest a need for immediate appellate review.
 
 See
 

 Club Broadway,
 

 443 N.W.2d at 922
 
 .
 

 [¶ 18] In this case, there is no finding of any specific out-of-the-ordinary circumstances or cognizable, unusual prejudice or hardship to the litigants if resolution of the issues on appeal is deferred. Greer argues upholding the certification would allow him to avoid the possibility of having to conduct multiple trials on the same issue, saving him time and expense. Avoiding the possibility of multiple trials is not sufficient to show a cognizable, unusual hardship because those same concerns are always present in an interlocutory appeal.
 
 See
 

 Club Broadway
 
 , 443 N.W.2d at 922. Greer has not shown that any cognizable, unusual hardships will arise if resolution of the issue on appeal is deferred.
 

 [¶ 19] Certification under N.D.R.Civ.P. 54(b) must be reserved for "the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties."
 
 Peterson
 
 , 443 N.W.2d at 299 (quoting
 
 Morrison-Knudsen Co., Inc. v. Archer
 
 ,
 
 655 F.2d 962
 
 , 965 (9th Cir.1981) ). There is nothing in the record that suggests this case is the "infrequent harsh case" or "out-of-the-ordinary." We conclude Rule 54(b) certification was improvidently granted and we do not have jurisdiction.
 

 III
 

 [¶ 20] We dismiss the appeal.
 

 [¶ 21] Gerald W. VandeWalle, C.J.
 

 Jon J. Jensen
 

 James D. Gion, D.J.
 

 Dale Sandstrom, S.J.
 

 Mary Muehlen Maring, S.J.
 

 [¶ 22] Mary Muehlen Maring, S.J., Dale V. Sandstrom, S.J., and James D. Gion, D.J., sitting in place of Crothers, J., McEvers, J., and Tufte, J., disqualified.