# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 41

Darilyn Baker, individually, and on behalf
of all persons similarly situated,                    Plaintiff and Appellant

v.

Autos, Inc., a North Dakota Corporation, d/b/a
Global Auto; James Hendershot, an individual,
and Robert Opperude, an individual,                    Defendants

and

RW Enterprises, Inc., a North Dakota Corporation;
Randy Westby, an individual,                    Defendants and Appellees

## No. 20210202

Appeal from the District Court of Ward County, North Central Judicial District, the Honorable Gary H. Lee, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Larry M. Baer, West Des Moines, IA, for plaintiff and appellant.

Bryan L. Van Grinsven, Minot, ND, for defendants and appellees.

**Crothers, Justice.**

[¶1]   Darilyn Baker, individually and on behalf of the certified class, appealed from an order denying her motion for a new trial after a jury returned a verdict in favor of RW Enterprises, Inc. and Randy Westby. Baker argues the district court erred in instructing the jury on the laws of usury, partnership, and acting in concert. We affirm.

I

[¶2]   This case has been before this Court three times. *Baker v. Autos, Inc.*, 2015 ND 57, 860 N.W.2d 788 (*"Baker I"*); *Baker v. Autos, Inc.*, 2017 ND 229, 902 N.W.2d 508 (*"Baker II"*); and *Baker v. Autos, Inc.*, 2019 ND 82, 924 N.W.2d 441 (*"Baker III"*). The facts of this case are provided in *Baker III*, at ¶¶ 2-8, and we will repeat them only as necessary to explain the issues in this appeal.

[¶3]   Prior to the *Baker III* decision, the district court dismissed Baker's claims after finding the defendants did not violate disclosure requirements of the North Dakota Retail Installment Sales Act ("RISA"). Baker appealed. In *Baker III*, this Court concluded the retail installment contracts did not comply with RISA's disclosure requirements. 2019 ND 82, ¶ 19. We reversed the district court's judgment and remanded for consideration of a willful violation of RISA and the remedies available for noncompliance with the disclosure requirements. *Id.* at ¶ 20.

[¶4]   On remand, Baker filed a motion requesting the district court to approve a settlement with Autos, Inc., Robert Opperude, and James Hendershot, dismiss all claims under RISA, and grant summary judgment on the usury claim against RW Enterprises and Westby. The court approved the settlement but denied the motions to dismiss and for summary judgment.

[¶5]   At trial, Baker requested the jury be instructed on a partnership between the defendants. The district court declined to provide the partnership

instruction, but provided an instruction on "acting in concert" in order for Baker to establish the defendants worked together.

[¶6] The jury found RW Enterprises and Westby did not violate RISA. By answering "no" to the RISA violation, the verdict form instructed the jury to stop answering other questions and return the form to the court. Had the jury found RW Enterprises and Westby in violation, the next question was whether the contract charged usurious interest and if so, what damages were suffered by the plaintiffs.

[¶7] Baker moved for a new trial arguing the district court provided an improper verdict form and jury instructions. The district court denied Baker's motion.

II

[¶8] Baker argues the district court erred in instructing the jury on the laws of usury, partnership, and acting in concert. This Court reviews the district court's decision on a motion for a new trial for abuse of discretion. *N.B. v. Terwilliger*, 2021 ND 74, ¶ 13, 958 N.W.2d 487. "A district court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, when it misinterprets or misapplies the law, or when its decision is not the product of a rational mental process leading to a reasoned determination." *Id.*

III

[¶9] Baker claims the district court failed to correctly instruct the jury on usury laws. Baker argues by instructing the jury to first find whether RW Enterprises and Westby "willfully" violated RISA, the district court added an element to usury that the law does not require.

[¶10] The law of the case doctrine and the mandate rule restrict proceedings on remand to the district court. *Montana-Dakota Utilities Co. v. Behm,* 2020 ND 234, ¶ 8, 951 N.W.2d 208. The law of the case doctrine "applies when an appellate court has decided a legal question and remanded to the district court for further proceedings, and a party cannot on a second appeal relitigate issues

2

which were resolved by the Court in the first appeal[.]" *Id.* The mandate rule requires the district court to follow this Court's pronouncements in subsequent proceedings of the case and carry out this Court's mandate according to its terms. *Id.*

[¶11] In *Baker III,* this Court reversed the district court's judgment concluding the contracts at issue did not comply with RISA's disclosure requirements. 2019 ND 82, ¶¶ 19-20. We stated:

> "Because the district court erroneously concluded the retail installment contracts complied with the disclosure requirements of N.D.C.C. ch. 51-13, the court did not address issues about a willful violation of the statute and the remedies available for noncompliance with those disclosure requirements. We reverse the judgment and remand for consideration of those issues."

*Id.* at ¶ 20. This Court mandated that a factfinder decide whether the defendants willfully violated RISA and remedies for such violation. The district court was required to carry out the mandate. *Behm,* 2020 ND 234, ¶ 8.

[¶12] At trial, the district court told the parties that if the jury answered "no" to the defendants willfully violating RISA, that would be the end of their inquiry. Baker objected, claiming usury was a separate issue. The district court responded:

> "You've . . . got to be able to show that they willfully violated RISA to take RISA—the retail installment sales contract out of the regulated lender statute and put it into other remedies. If you can't show that they willfully violated the retail installment sales contract, this case is over. And that's the North Dakota Supreme Court's ruling on this. This case is over if you can't show willfulness. So that's the threshold question here."

In the context of Baker's arguments in this case, the district court was correct.

[¶13] Although RISA and usury are separate areas of law, under the theories advanced in this case, it was necessary for Baker to first prove RW Enterprises and Westby violated RISA to establish involvement in the installment contracts. Baker's theory of the case was that a RISA disclosure violation took

the defendants out of regulated lender status under N.D.C.C. § 51-13-03(1) and subjected them to the usury law in N.D.C.C. § 47-14-09. *Baker III*, 2019 ND 82, ¶ 9. Thus, if RW Enterprises and Westby willfully violated RISA, they could be liable for charging a usurious interest rate on the installment contracts.

[¶14] The district court followed the law of the case doctrine and the mandate rule by requiring the jury to find a willful violation of RISA before considering available remedies. Therefore, the court did not abuse its discretion in denying Baker's motion for a new trial on issues related to usury.

IV

[¶15] Baker argues a partnership existed between Autos, Inc. and RW Enterprises, and the district court should have instructed the jury on the partnership relationship and joint and several liability each partner shares. Baker also argues the court erred by instructing the jury on "acting in concert" because it was not warranted by the pleadings or evidence presented at trial.

[¶16] "Jury instructions should fairly inform the jury of the law applicable to the case. They should also fairly cover the claims made by both sides of the case." *Tidd v. Kroshus*, 2015 ND 248, ¶ 7, 870 N.W.2d 181. When the district court chooses a specific instruction, this Court is not quick to second-guess its choice. *Id.* This Court reviews jury instructions as a whole, and they are sufficient if they correctly advise the jury of the law, even if parts of them, standing alone, may be erroneous. *Id.*

[¶17] At trial, Baker requested the jury be instructed on a partnership between RW Enterprises and Autos. Baker's request was based on Autos assigning its retail installment contract to RW Enterprises prior to Baker defaulting on her loan with Autos. *Baker III*, 2019 ND 82, ¶¶ 2-4. The district court denied the partnership instruction to keep the trial issues simple for the jury. In denying the partnership instruction, the court said "I don't think we need to confuse the issues by trying to create an involuntary partnership . . . I think it's just adding another layer of things for the jury that's not really necessary. I want to keep this simple for the jury, as simple as possible."

4

[¶18] In the district court's order denying a new trial, the court expounded its reasoning and stated the partnership issue was not raised until discussions on final jury instructions during trial. The court found because a partnership claim was not made in the third amended complaint nor raised in advance of trial, the partnership instruction was not required. We agree.

[¶19] In order to allow Baker to establish the defendants worked together, the district court provided an instruction on "acting in concert." Baker argues that instruction added an element of proof unnecessary to her claim. However, the instruction did not require the jury to find the defendants acted in concert in order for them to have willfully violated RISA. The instruction provided an avenue for the jury to determine the defendants worked together and were liable for the violations.

[¶20] As a whole, the jury instructions fairly informed the jury of the applicable law to the case. *Tidd*, 2015 ND 248, ¶ 7. Thus, the district court did not abuse its discretion in denying Baker's motion for a new trial based on the jury instructions.

V

[¶21] We affirm the district court's order.

[¶22] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte

5